NOVAK, RESPONDENT, *v.* INDUSTRIAL ACCIDENT BOARD, ETC., APPELLANTS.

(No. 5,631.)

(Submitted March 24, 1925. Decided April 18, 1925.)

[235 Pac. 754.]

*Workmen's Compensation—Statute—Construction.*

1. Construing section 2914, Revised Codes of 1921 (Workmen's Compensation Act, prior to amendment by Chapter 121, Laws of 1925), *held*, in connection with other sections of the Act, that the maximum compensation for a permanent partial disability caused by an injury

to an arm from the elbow down is $12.50 per week for 180 weeks, the amount to be divided into payments extending over a period not exceeding 150 weeks.

*Appeal from District Court, Silver Bow County; W. E. Carroll, Judge.*

PROCEEDING under the Workmen's Compensation Act by Mike Novak, against the Industrial Accident Board and another. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

*Mr. L. A. Foot,* Attorney General, and *Mr. S. R. Foot,* for Appellants, submitted a brief; *Mr. N. A. Davidson,* Assistant Attorney General, argued the cause orally.

*Mr. M. Donlan* and *Mr. E. D. Elderkin,* for Respondent, submitted a brief; *Mr. Donlan* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Mike Novak was employed by the Davis-Daly Copper Company as a "hardrock" miner. He had been working but seven or eight days when, on April 13, 1923, while pursuing his employment and in the course thereof, certain rock and loose earth fell from the roof of the tunnel in which he was working, striking him on the left shoulder and arm and breaking the arm between the elbow and wrist. Novak was immediately taken to the Murray hospital, with which his employer had the usual contract, where an X-ray was taken of the arm and a cast applied. His employer made its report of the accident as required by statute to the Accident Board, and Novak, or someone for him, filed the required claim. In both the report and claim his injury was described merely as a broken arm. On this record the board classified the disability as temporary and partial, and estimated that it would continue for ten weeks to four months.

At the time of the accident the Davis-Daly Company was operating under plan 3 provided for in the Workmen's Compensation Act, and was paying Novak the regular miner's wage of $4.75 per day, seven days per week, or a weekly wage of $33.25.

On the classification made as aforesaid, the board paid Novak $12.50 per week up to October 26, 1923, from the accident fund as provided under said plan 3; the total amount so paid being $350.

The injury did not mend as anticipated, and on November 28, 1923, an examination of claimant was made by the chairman of the board and Dr. H. D. Kistler, and his injury rated as twenty-five to thirty, and not to exceed forty, per cent loss of the left arm from the elbow down. The board thereupon offered Novak a cash settlement of forty per cent of the compensation provided by statute for the loss of an arm at the elbow, which offer was refused. The board then rated him as for partial disability and fixed his compensation at $6.25 per week for a period of 150 weeks, and tendered payment on that basis, which tender was likewise refused. Claimant then asked for a hearing and consideration of his case, claiming permanent injury. The board did not grant this request, but again tendered settlement on either plan theretofore suggested. Formal demand for a hearing was then made and refused by the board, it claiming that the offer of settlement was the maximum award which could be made for a permanent partial disability.

Novak thereupon appealed to the district court of Silver Bow county. No hearing having been had, the board's record consisted merely of the report of the injury, the claim for compensation, certain correspondence and reports, including that of Dr. Kistler, as to the extent of Novak's disability. Owing to the condition, the court permitted Novak to introduce oral testimony, under authority of section

2960, Revised Codes of 1921. This testimony, which was undisputed, showed that claimant had sustained, in addition to the fracture of his arm, injuries about the shoulder causing deadened nerves and atrophied muscles of the whole arm; that the fracture had not healed properly, causing poor rotation of the wrist, lack of grip in the hand, and practical uselessness of the arm. Dr. Carmen testified that the injury was permanent but might improve with treatment.

As there were no findings of the board for review, this being an appeal from an order denying a hearing and not from the findings, conclusions and judgment of the board after hearing, the court made its independent findings, among which are: That the injury was one "amounting to and being in effect a total loss of the lower left arm at the elbow, * * * but that this, not being a loss by amputation or paralysis, comes within the partial disability statute"; and that Novak has no earning capacity.

On its findings the court concluded, as a matter of law, that claimant was entitled to the maximum compensation which could be allowed under the partial disability statute, which is seventy-five per cent of the award for the loss of an arm at the elbow, and entered judgment for seventy-five per cent of the total found by figuring $12.50 per week for 180 weeks, or $1,687.50, less the $350 already received, to be apportioned over a period of 150 weeks, and directed that accrued compensation be paid at once, the balance in weekly installments. From this judgment the board has appealed.

Inasmuch as the board contends that its award was the maximum allowance under the law for a partial permanent disability, and, therefore, admits that a judgment for such maximum is proper, and the district court on review of the order of the board held that Novak is entitled to the maximum award for such disability, and as the full measure

of the relief which may be granted by this court is the reversal, affirmance or modification of that judgment (*Willis v. Pilot Butte Min. Co.*, 58 Mont. 26, 190 Pac. 124), the only question properly before us is: Does the judgment herein exceed the maximum allowed by law for such disability?

This action arose prior to the amendments made to the [1] Workmen's Compensation Act by the Nineteenth Legislative Assembly, and we are therefore not concerned with the changes made by Senate Bill 109 in 1925.

The sections of the Act directing and limiting the Accident Board in awarding compensation for partial disability, and which, therefore, control in this case, are as follows:

Section 2914, Revised Codes 1921: "For an injury producing partial disability, one-half of the difference between the wages received at the time of the injury and the wages that such injured employee is able to earn thereafter, not exceeding, however, one-half the maximum compensation allowed in cases of total disability, and not exceeding seventy-five per cent of the total compensation provided in this Act for the total loss of the member causing such partial disability. Such compensation shall be paid during the period of disability, not exceeding, however, one hundred and fifty weeks in cases of permanent partial disability, and 50 weeks in cases of temporary partial disability."

Section 2913: "For an injury producing total disability, permanent in character, fifty per centum of the wages received at the time of the injury, subject to a maximum compensation of twelve dollars and fifty cents per week and a minimum compensation of six dollars per week. * * * Such compensation shall be paid during the period of disability, not exceeding 400 weeks, after which time payment shall continue during disability at the rate of $5 per week."

Section 2920 provides that: "In case of the following specified injuries, the compensation * * * shall be fifty per cent of the wages received at the time of the injury,

subject to a maximum compensation of twelve dollars and fifty cents per week, and a minimum compensation of six dollars per week, * * * and shall be paid for the following periods: For the loss of: * * * One arm at the elbow, one hundred and eighty weeks.''

Section 2922 provides that the paralysis of a limb shall be considered as the loss of the member.

As Novak's wages, at the time of the injury, exceeded $25 per week, and the court found that he has no· present earning capacity, the only weekly compensation provided for, with which we are here concerned, is the maximum weekly payment provided for in each of the sections quoted.

Counsel for the board in their brief argue: ''No interpretation of this statute is necessary, for it was clearly the intention of the Legislature that an award for partial disability must not exceed either of the two limitations therein set forth, and since the amount allowed under the first limitation [one-half of the maximum compensation allowed in cases of total disability for a period of 150 weeks] does not equal the amount allowed under the second limitation [75 per cent of the total compensation provided in this Act for the total loss of the member causing such partial disability], the first limitation is all that is necessary to consider. The minimum amount which could be allowed respondent and not exceed this limitation was $6.25 per week for a period of 150 weeks, amounting in all to $937,50, which was the amount awarded by appellants.''

If we understand this argument correctly, their contention is that, in cases of partial permanent disability, the provision in section 2914, for payments for a period of 150 weeks controls as to such disability, and the reference in that section to the provisions of sections 2913 and 2920, as limitations upon the award refers solely to a percentage of the weekly compensation provided for in those sections, and the periods of computation are not to be considered in this

connection; the computation for partial permanent disability, being not to exceed fifty per cent of the weekly compensation allowed for permanent total disability, and also not to exceed seventy-five per cent of the weekly compensation provided for the loss of the member causing such partial disability. While in the closing paragraph of the argument quoted, counsel states "the minimum amount which could be allowed," they evidently intended "maximum." Of course, if the limitations refer only to the weekly allowance, the first, as counsel state, is the only limitation which need be considered. They therefore compute the maximum award which could be made to Novak as "$6.25 per week for a period of 150 weeks, amounting in all to $937.50, which was the amount awarded by appellants."

The weekly compensations provided for in sections 2913 and 2920 are identical. If, then, counsel are right, each of the limitations set out in section 2914 refers to "a maximum compensation of $12.50 per week," varying only as to the percentage and, as neither can be exceeded, the section can mean only that, in cases of partial permanent disability, the claimant shall receive not to exceed $6.25 per week for a period not exceeding 150 weeks. If such was the intention of the legislature, that body would undoubtedly have so provided, and thus enacted a section conforming to like sections in the Workmen's Compensation Act of nearly every state in the Union having a Compensation Act.

If this was the intention of the legislature, why refer at all to the section providing compensation for the loss of "the member causing the disability"? That section could not be used as a basis of computation under any conceivable set of circumstances, and, if it could, the compensation for injury to the first joint of a finger would be the same as for disability caused by injury to the arm from the shoulder down.

No interpretation of this section has heretofore been given by this court, and as we find no such limitation in like sections from other states, no decision is available which would throw any light on the subject. We have, therefore, recourse only to the general rules of construction.

Section 10519, Revised Codes of 1921, provides that in construing "a statute or instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all."

Section 10520 declares that the intention of the legislature is to be pursued, if possible; and section 2964, a part of the Act under consideration, provides that: "Whenever this Act or any part or section thereof is interpreted by a court, it shall be liberally construed by such court."

The construction which we are asked, on behalf of the board, to give to section 2914 would, in effect, omit therefrom all reference to section 2920. It will be noted that this second limitation reads, "and not exceeding seventy-five per cent of the total compensation provided in this Act for the total loss of the member causing such partial disability." The *total* compensation does not refer to weekly compensation, but to the sum total after computation.

Section 2914, Revised Codes of 1921, is section 6 of Chapter 100 of the Laws of the Sixteenth Legislative Assembly, which section amended section 16 of Chapter 96, Laws of the Fourteenth Legislative Assembly. A reading of the section before and after the making of this amendment is enlightening, as the original section contained but the first limitation and the amendment but added the limitation as above quoted. Clearly the legislature intended by the amendment to render the section more elastic, providing a wider scope for the determination of the necessities of the vary-

ing cases arising under the section, and would not have gone to the trouble of amending the section by adding a purely nugatory provision.

Following the rules above quoted and declared by statute, the only reasonable construction which will follow the legislative intent, and give effect to the whole section, is that, in case of partial permanent disability caused by injury to the arm from the elbow down, the compensation allowed shall not exceed one-half of the maximum compensation allowed in cases of total disability, *i. e.,* $12.50 per week for 400 weeks, which would be $2,500, and shall also not exceed "seventy-five per cent of the total compensation provided in this Act" for the total loss of "an arm at the elbow," *i. e.,* $12.50 per week for 180 weeks, which would be $1,687.50. In either case the amount so found to be divided into payment extending over a period not exceeding 150 weeks. As the first amount exceeds the second, in this case the second computation is controlling.

The district court held that the claimant was entitled to the maximum amount permitted under the section, and we cannot say that the evidence before it did not fully justify the finding. The award made was for the above amount, $1,687.50, less the amount already paid, to be extended over a period of 150 weeks, and is therefore not "contrary to law."

The judgment is affirmed.

*[Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.