SULLIVAN, RESPONDENT, *v.* ANSELMO MINING CORPORA-
TION ET AL., APPELLANTS.

(No. 6,307.)

(Submitted May 4, 1928.   Decided June 16, 1928.)

[268 Pac. 495.]

*Workmen's Compensation Act—Construction—Permanent Par-
tial Disability — Measure of Compensation — Duty of In-
jured Employee as to Procurement of Suitable Employ-
ment — Lump Sum Settlements Matter of Discretion in
Industrial Accident Board.*

Workmen's Compensation Act—Provisions Relating to Awards to be
Followed — Industrial Accident Board not Vested With Equity
Powers.
1.   The provisions of the Workmen's Compensation Act relative
to awards for injuries must be followed by the Industrial Acci-
dent Board, unless meaningless and impossible of application;
under them it has no equity powers, and the mere fact that lit-
eral interpretation of the statute in a given case may appear in-
equitable to it does not warrant disregard of such interpretation.

Same—Measure of Compensation for Permanent Partial Disability.
2.   Under section 2914, Revised Codes, 1921, the measure of com-
pensation for a workman's permanent partial disability arising
from internal injuries is one-half of the difference between the
wages he received at the time of the accident and the wages he
was able to earn thereafter (from time of hearing) paid in
weekly installments not to exceed 150 weeks, nor in excess of
one-half the maximum compensation allowed in cases of total dis-
ability, i. e., $15 per week for 500 weeks (sec. 2913, Rev. Codes,
1921, as amended by Chap. 121, Laws of 1921); hence where the
total of one-half the difference between the wages earned before
the injury and what claimant could thereafter earn for 150 weeks
exceeds the total of $3,750—one-half the maximum compensation
allowed for total disability at $15 per week for 500 weeks—allow-
ance of the excess is illegal.

Same—Statute—Section 2940, Revised Codes, 1921, Empowering Indus-
trial Accident Board to Do Things not Specifically Mentioned in
Act Does not Refer to Matter of Awarding Compensation.
3.   *Held,* that section 2940, Revised Codes, 1921, vesting in the
Industrial Accident Board power to do all things necessary in the
exercise of the jurisdiction conferred upon it by the Workmen's

1.   See 23 Cal. Jur. 729.

Compensation Act in addition to those therein provided for, is procedural in character and has nothing to do with the substantive matter of award of compensation; therefore where the board in reliance upon the authority supposedly conferred by section 2940 "in order to do equity" computed compensation for a permanent partial disability on a percentage basis instead of following the specific provisions of section 2914, supra, providing the measure of compensation in such cases, it committed error.

Statutes and Statutory Construction—Where Statute Plain, Courts may not Read into It Words Omitted.

4. When the language of a statute is plain, courts may not read into it words not found therein, either expressly or by implication.

Supreme Court — Opinions — Matter not in Issue on Appeal not Decided.

5. Where both parties to an appeal in a case involving an award to an injured employee under the Workmen's Compensation Act acquiesced in the action of the Industrial Accident Board in using an erroneous method of computation of compensation and thus no issue on the question was presented to the supreme court, its decision was not one upholding the correctness of the method employed and, therefore, not a precedent in a subsequent case in which the method was attacked as illegal, since what was not in issue was not decided.

Workmen's Compensation—Conducting Store by Injured Employee not "Employment" and Earnings Thereat not Wages.

6. Conducting a news-stand or store by an employee found to have sustained permanent partial disability is not "employment" and anything earned thereat is not properly "wages" within the meaning of the Workmen's Compensation Act (sec. 2914, supra), providing the measure of compensation in such a case as one-half the difference between the wages received at the time of the injury and the wages he might thereafter be able to earn, etc.

Same — Injured Employee Partially Disabled must Make Effort to Procure Work He can Still Perform — Absence of Evidence in That Behalf Renders Finding of Award by Industrial Accident Board Erroneous.

7. To enable the Industrial Accident Board to arrive at a decision as to compensation allowable to an injured employee held to have suffered a permanent partial disability, he must prior to a hearing make active effort to procure such work as he can still perform and produce evidence as to his remaining earning capacity; where no such evidence was produced the board had nothing before it upon which to base an award and its action in fixing one was reversible error.

Same—Lump Sum Settlements in Discretion of Industrial Accident Board.

8. Under section 2926, Revised Codes, 1921, the matter of awarding to an injured employee compensation by way of lump sum

4.  See 23 Cal. Jur. 728, 731; 25 R. C. L. 962, 963.
5.  See 7 Cal. Jur. 639; 7 R. C. L. 1004.

settlement is within the discretion of the Industrial Accident Board, and that discretion will not be interfered with on appeal unless there appears an abuse of it.

---

[1]   Statutes, 36 **Cyc.**, p. 1111, n. 68; Workmen's Compensation Acts, **C. J.**, sec. 34, p. 41, n. 2.
[2]   Workmen's Compensation Acts, **C. J.**, sec. 83, p. 94, n. 97 New; sec. 87, p. 96, n. 15.
[3]   Workmen's Compensation Acts, **C. J.**, sec. 87, p. 96, n. 15; sec. 109, p. 114, n. 9.
[4]   Statutes, 36 **Cyc.**, p. 1127, n. 53.
[5]   Courts, 15 **C. J.**, sec. 329, p. 939, n. 59; Workmen's Compensation Acts, **C. J.**, sec. 85, p. 95, n. 3; sec. 114, p. 115, n. 37.
[6]   Workmen's Compensation Acts, **C. J.**, sec. 85, p. 95, n. 3.
[7]   Workmen's Compensation Acts, **C. J.**, sec. 112, p. 115, n. 23.
[8]   Workmen's Compensation Acts, **C. J.**, sec. 98, p. 102, n. 92.

*Appeal from District Court, Silver Bow County; George Bourquin, Judge.*

PROCEEDING under the Workmen's Compensation Act by Tim R. Sullivan, employee and claimant, opposed by the Anselmo Mining Corporation, employer, and the Aetna Life Insurance Company, insurance carrier. Award of compensation by the Industrial Accident Board was affirmed by the district court in favor of claimant, and employer and insurance carrier appeal. Reversed and remanded for further proceedings.

*Mr. R. F. Gaines,* for Appellants, submitted a brief and argued the cause orally.

Both the Industrial Accident Board and the district court determined the amount of compensation payable to Sullivan in absolute disregard of the terms of section 2914, Revised Codes of 1921, pursuing an unauthorized method of calculation. See *Novak* v. *Industrial Accident Board,* 73 Mont. 196, 235 Pac. 754; *Dosen* v. *East Butte Copper Min. Co.,* 78 Mont. 579, 254 Pac. 880, in which latter case this court apparently sensed the irregularity of the method of determining compensation there and here followed, when it said: "Neither side to the controversy objects to this method of fixing the compensation and we shall not raise any objection to it. In this proceeding, we are not called upon to decide whether the method is correct."

While the policy actuating the enactment of Compensation Acts has been announced by this court, it has never, that I can find, given consideration to the question of the policy of the lawmakers with reference to the matter of commutation of periodical payments into lump sum settlements. I undertake to say that the authorities support the proposition that it was neither the object nor the accomplishment of the various Workmen's Compensation Acts that full compensation should be given to an injured workman. Rather the object was that during the period of recovery or re-adjustment, financial aid should be available and at stated intervals; that during such periods economy would have to be practiced and domestic sails trimmed to meet the winds of adversity. It was certainly not the object of the Acts that lump sums in settlement should be made merely upon request with the consequent hazard that improvidence, lack of business judgment or unavoidable adversity should wipe out overnight, so to speak, the compensation which was given to prevent the injured person becoming an entire burden upon his relatives or the community. Lump sum settlements were originally and are under our Act intended to be the exception; cogent reasons therefor must be made apparent. In support of these propositions I invite the attention of the court to the following cases: *Bailey* v. *United States F. & G. Co.*, 99 Neb. 109, 155 N. W. 237; *State* v. *District Court*, 134 Minn. 16, L. R. A. 1916F, 957, 158 N. W. 713; *New York Shipbuilding Co.* v. *Buchanan*, 84 N. J. L. 543, 87 Atl. 86; *Adams* v. *New York etc. Ry. Co.*, 175 App. Div. 714, 161 N. Y. Supp. 919; *Bell* v. *Fraser*, 210 App. Div. 560, 206 N. Y. Supp. 530; *In re McCarthy*, 226 Mass. 444, 115 N. E. 764; *Bedini* v. *Northwestern R. R. Co.*, 1 Cal. Ind. Acc. Com. Dec., 312; Rulings Washington Industrial Insurance Commission, 1915, p. 18.

*Mr. J. F. Emigh* and *Mr. J. J. Bourquin*, for Respondent, submitted a brief; *Mr. Emigh* argued the cause orally.

Appellants urge that the district court erred in affirming the order of the Industrial Accident Board for the reason that

the order of the said board was contrary to law, in that it was not in accordance with section 2914, Revised Codes, 1921; that the method of arriving at the permanent, partial disability of the respondent was not in conformity with the law, contrary to the rules of this court and *contra* to *dictum* of this court in the *Novak Case*, cited in appellants' brief. We do not believe that the district court erred in affirming the board's decision and believe that said decision did not violate the limitations of section 2914, Revised Codes 1921, nor the ordinary rules of evidence for determining loss of earning capacity.

The following authorities well illustrate the principle of evidence which should be followed in determining a permanent, partial disability, that principle being "that an award for diminution of prospective earning capacity may be made, although there is no direct evidence to the amount of loss": 17 Corpus Juris, p. 901; *Florence & C. C. Ry. Co.* v. *Kerr;* 59 Colo. 539, 151 Pac. 440; *Washington* v. *Pacific Electric Ry. Co.,* 14 Cal. App. 685, 112 Pac. 904; *Worden* v. *Central Fireproof Bldg. Co.,* 172 Cal. 94, 155 Pac. 839, citing other cases; *Rogan* v. *Montana Cent. Ry. Co.,* 20 Mont. 503, 52 Pac. 206; *London Guarantee & Accident Co., Ltd.,* v. *Industrial Commission,* 70 Colo. 256, 199 Pac. 963; *De Zeng Standard Co.* v. *Pressey,* 86 N. J. L. 469, 92 Atl. 278; *Chicago, B. & Q. Ry. Co.* v. *Warner,* 108 Ill. 538; *New Jersey E. Co.* v. *Nikols,* 33 N. J. L. 434, 97 Am Dec. 722; *Knapp* v. *S. C. Ry. Co.,* 71 Iowa, 41, 32 N. W. 18; Sedgwick on Damages, 9th ed., 1322.

MR. JUSTICE MYERS delivered the opinion of the court.

Tim R. Sullivan, claimant and respondent herein, was an employee of the Anselmo Mining Corporation, employer and an appellant herein. His work was that of a miner. May 17, 1926, in the course of his employment, Sullivan was injured by an accident, fall of ground and rock, in the employer's mine in which he was working. He was then about thirty-nine years of age; was married and had one child. He was

taken to a hospital, where he was confined for nine or ten weeks. Then he went home and was on crutches, fifteen weeks, and thereafter, used a cane. He made claim for compensation under the Workmen's Compensation Act. Just what claim he made the record does not disclose, as a copy of it is not incorporated therein. It appears from the record, however, that the Aetna Life Insurance Company, insurance carrier and an appellant herein, accepted or recognized the claim for compensation and, on account thereof, for a period of forty-six weeks paid Sullivan $15 per week, aggregating $690. At the end of that time, payments ceased; for what cause is not known and whether before or after institution of this proceeding is not shown.

About that time, before the Industrial Accident Board, Sullivan instituted this proceeding against the employer and the insurance carrier. As a result, a hearing therein by the board was held, April 27, 1927, at which all parties appeared and were represented by counsel. The pleadings upon which were framed the issues of the hearing and the manner of framing the issues were quite informal and not so succinct as might be. The issues were framed largely by letters and by claims and statements, some in writing and others dictated into the record at the opening of the hearing. There is reference to a petition of claimant. There appear in the record written answer and objections of employer and insurance carrier to the petition of claimant. From all thereof it appears, and it was agreed by counsel, at the beginning of the hearing, that the issues were the rating of claimant's disability (whether total or partial, and, if the latter, how much) and his application for a lump sum settlement, all of his claims and his application being opposed by employer and insurance carrier. The hearing was conducted on those issues and the decision of the board was based thereon and, throughout, until final submission of the matter to this court, both sides accepted those as the issues.

At the hearing, evidence from each side of the controversy was heard. Thereafter, the board made findings of fact.

These, in brief and among other things, are that Sullivan was injured in the course of his employment; that insurance coverage for the employer was carried by the Aetna Life Insurance Company; that Sullivan's injury caused temporary total disability for a period of approximately fifty weeks, to the time of the hearing; that from that time his condition was and would be that of permanent partial disability, to the extent of forty-five per cent.; that he had been paid by the insurance carrier $690; that Sullivan was in debt to the amount of about $1,200 and was unable adequately to support himself and family on monthly compensation payments; that he had neither mental nor educational equipment to do other than manual labor; that he was not able to perform manual labor of any kind but could perform certain classes of lighter labor, with discomfort; that a lump sum settlement was justified and necessary.

As its conclusions of law, as they may be characterized, the board deduced and decided that Sullivan was entitled to compensation, for fifty weeks of temporary total disability, of $15 per week, aggregating $750, and, thereafter, to the compensation provided for permanent partial disability equivalent to forty-five per cent. of permanent total disability.

In its written decision, the board then declares that in such a case adequate and proper settlement for partial disability may not and can not be made under the provisions of section 2914, Revised Codes, 1921, but that "the board must, in order to do equity, as contemplated by the Compensation Act, under the authority conferred by section 2940 of the Act, resort to settlement on the basis of percentage of disability''; and it says the board will resort to that method of computation. That it proceeded then to do. The board computed the commuted value of five hundred weeks' compensation, provided for permanent total disability, at $15 per week, to be $6,124.42; ascertained forty-five per cent. of that sum to be $2,755.99; added $750 for the past temporary total disability, making a total of $3,505.99; deducted $690, theretofore paid, and decreed and

adjudged the amount due Sullivan, in lump sum settlement, to be $2,815.99. It ordered that sum paid, in full and final settlement, by the insurance carrier.

A motion for rehearing was made by the insurance carrier and was denied. Thereupon, the employer and the insurance carrier appealed to the district court from the findings, conclusions, decision and judgment of the board and from its order denying a rehearing. By stipulation of counsel, the cause was submitted to the district court, upon the files and record certified to it by the Industrial Accident Board. No further evidence was produced and the court decided it on such files and record.

The district court, by its decision, affirmed the decision of the Industrial Accident Board and its order denying a rehearing. Judgment for $2,815.99, with interest and costs, in favor of claimant and against employer and insurance carrier, was rendered and entered. The judgment debtors, defendants, appealed to this court and assign as specifications of error: (1) The court erred in affirming the order of the board as to amount and character of compensation; (2) the court erred in affirming the order of the board, denying a rehearing; (3) the court erred in fixing the amount of compensation, the evidence being insufficient to warrant such sum or any sum; (4) the court erred in ordering a lump sum settlement, the evidence being insufficient to authorize such a settlement.

By their specifications of error and their argument, defendants make two contentions: (1) That the board and the district court used an erroneous method in computing compensation; (2) that a lump sum settlement is not proper. Claimant combats both contentions and on those issues the cause is presented to this court.

First, we take up the first of those contentions. Going into [1] detail, thereunder defendants claim: (a) That if anything be due for permanent partial disability it should be computed under section 2914, supra, and that the board and the district court were wholly unjustified in disregarding that

section and claiming authority under section 2940, supra, for their action in awarding claimant forty-five per cent. of the statutory compensation for permanent total disability; (b) that the evidence does not warrant such an award or any award at all.

With the first of those claims we are in accord. The Workmen's Compensation Act is wholly statutory and statutes should be followed, unless meaningless and impossible of application. That a statute literally interpreted may appear inequitable does not make it absurd, so that such interpretation should not be followed. (*Mellen Lumber Co.* v. *Industrial Commission,* 154 Wis. 114, Ann. Cas. 1915B, 997, L. R. A. 1916A, 1, 142 N. W. 187.)

Section 2914, supra, provides the measure of compensation for partial disability. It is as follows: "For an injury producing partial disability, one-half of the difference between the wages received at the time of the injury and the wages that such injured employee is able to earn thereafter, not exceeding, however, one-half the maximum compensation allowed in cases of total disability and not exceeding seventy-five per cent. of the total compensation provided in this Act for the total loss of the member causing such partial disability. Such compensation shall be paid during the period of disability, not exceeding, however, one-hundred and fifty weeks in cases of permanent partial disability and fifty weeks in cases of temporary partial disability."

That being the measure of compensation, provided by the [2] legislature, for partial disability, it should be used, if possible of application. In determining whether possible of application, the first thing to do is to see what the section means. The provisions of the section may be divided into two parts. The first part is that which directs how to proceed, i. e., by taking one-half the difference between the wages received at the time of the injury and the wages the injured employee is able to earn thereafter. The second part is the limitation, i. e., not in excess of so much, in gross. The first

part is so plain it needs no construction. The next thing is to ascertain what the second part means. What is the limitation? That question was decided by this court in the case of *Novak* v. *Industrial Accident Board,* 73 Mont. 196, 235 Pac. 754. It is set forth there what the section, in that respect, means and how it should be applied. The opinion in that case (p. 204) says: ''The only reasonable construction which will follow the legislative intent and give effect to the whole section [2914, supra] is that, in case of partial permanent disability, caused by injury to the arm from the elbow down, the compensation allowed shall not exceed one-half of the maximum compensation allowed in cases of total disability, i. e., $12.50 per week for 400 weeks, which would be $2,500, and shall also not exceed 'seventy-five per cent. of the total compensation provided in this Act' for the total loss of 'an arm at the elbow,' i. e., $12.50 per week for 180 weeks, which would be $1,687.50. In either case the amount so found to be divided into payments extending over a period not exceeding 150 weeks. As the first amount exceeds the second, in this case the second compensation is controlling.''

In that case, the claimant suffered an injury to an arm, from the elbow down, without amputation, which, the district court held, constituted permanent partial disabilty and that court held further that the claimant, on account thereof, was entitled to the maximum compensation which could be allowed, in a case of that kind, under the partial disability section of the Act (2914, supra), which, the court held, was seventy-five per cent. of the award for the loss of an arm at the elbow. The judgment of the district court was affirmed.

In the case at bar, there is no injury to a member of the body; claimant's injury is internal. Hence, in consideration of this case, the part of section 2914, supra, which says ''not exceeding seventy-five per cent. of the total compensation provided in this Act for the total loss of the member causing such partial disability'' is to be discarded; it has nothing to do with the case. Therefore, eliminating that feature, this court, in

the *Novak Case,* said the only reasonable construction of the limitation provision of the section in question was that, ''in case of partial permanent disability, the compensation allowed shall not exceed one-half of the maximum compensation allowed in cases of total disability, i. e., $12.50 per week for 400 weeks, which would be $2,500, the amount to be divided into payments extending over a period of not exceeding 150 weeks.''

Before applying to the case at bar that rule of construction, we observe that, by amendment, since the decision of the *Novak Case,* the above-mentioned sum of $12.50, per week, has been increased to $15, per week, and the above-mentioned period of four hundred weeks, increased to five hundred weeks. (Sess. Laws, 1925, p. 208.)

Taking, then, the plain meaning of the first part of section 2914, supra, and the construction by the *Novak Case* put upon the second part of the section, the limitation, in relation to such a case as this, and applying them to the case in hand, we hold that the measure of compensation, for claimant's permanent partial disability, is one-half of the difference between the wages claimant received at the time of his injury and the wages he was able to earn thereafter (from time of hearing), paid in weekly payments, not in excess of one hundred and fifty weeks, and not to exceed one-half of the maximum compensation allowed in cases of total disability, i. e., $15 per week for five hundred weeks. The sum of $15 per week for five hundred weeks amounts to $7,500 and one-half thereof is the sum of $3,750. Therefore, an allowance, in the aggregate, for permanent partial disability, cannot exceed $3,750.

As an illustration applicable to a case such as this, if an employee, when injured, be receiving a wage of $60 per week and thereafter be able to earn only $20 per week, the difference is $40 per week and half thereof, $20 per week. If his injury result in permanent partial disability, he is to be paid $20 per week for one hundred and fifty weeks, an aggregate of $3,000, which is within the limitation. However, if he were

receiving $70 per week at time of injury and thereafter could earn but $10 per week, he would be entitled to $30 per week, not for one hundred and fifty weeks, because that would exceed the limitation of $3,750, but for one hundred and twenty-five weeks, as that would reach the limitation of $3,750.

We come now to what the board did and what it should have done in this case. The board found that claimant suffered temporary total disability during the first fifty weeks and we hold that the evidence sustains the finding. Section 2912, Revised Codes, 1921, as amended by Sess. Laws, 1925, p. 208, makes the compensation for temporary total disability fifty per cent. of the weekly wages received at the time of the injury, subject to a maximum compensation of $15 per week. At the hearing before the board, the undisputed testimony of claimant was that, at the time of his injury, he was receiving, for his labor, from $30 to $50 per week; the average of that is $40 per week. Therefore, the latter sum is what he was receiving per week at time of injury. One-half of that sum is $20 per week but, for his temporary total disability, he is limited to $15 per week and the board was correct and was justified in awarding claimant, for his temporary total disability, $15 per week for fifty weeks, an aggregate of $750. There should be deducted therefrom $690, theretofore paid, leaving $60 due on his award for temporary total disability.

The board found that from and after the time of the hearing claimant's condition was and would be that of permanent partial disability and the evidence fully justifies the finding. While correct in so finding, the board erred in its method of computation of compensation for claimant's permanent partial disability. When the board, by its decision, said that, "in order to do equity," it resorted to section 2940, supra, and proceeded to do so by holding that it had some unwritten authority to make an award on a percentage basis, we think it departed from its authority. The Industrial Accident Board does not possess equity powers. Furthermore, we do not believe section 2940, supra, confers

upon it any such authority as it undertook to exercise. That section follows a section (2938) about hearings, proceedings, rules of procedure, and another section (2939) about the taking of depositions and is followed by sections (2941 et seq.) relating to issuance of writs of process and other matters of procedure. It is a part of the provisions of the Workmen's Compensation Act for procedure and we believe it is procedural. We do not believe it has anything to do with the substantive matter of award of compensation. Certain it is, we believe, that it does not authorize the board to ignore a plain statutory provision (sec. 2914, supra) for measure of compensation and put into the statutes something which the legislature did not [4] put there. When the language used in an Act is plain, a court may not read into it words not found therein, either expressly or by implication, because so to do would be legislation and not construction. (*Rogers-Ruger Co.* v. *Murray,* [5] 115 Wis. 267, 95 Am. St. Rep. 901, 59 L. R. A. 737, 191 N. W. 657.) In *Dosen* v. *East Butte Copper Mining Co.,* '78 Mont. 579, 254 Pac. 880, the board used the same method of computation of compensation as was used in this case, holding there, as it did here, section 2914, supra, inapplicable, but there all parties acquiesced in it and no question about it was raised; the method was not attacked and this court did not decide as to the correctness or incorrectness of it. What is not in issue is not decided. (*Pue* v. *Wheeler,* 78 Mont. 516, 255 Pac. 1043.) Here the method is attacked and tenders an issue.

We do not find section 2914, supra, impossible of application; it is plain and practicable. It should have been followed in this case and for the board to have rendered a correct decision, as to claimant's compensation for permanent partial disability, under that section, interpreted in *Novak* v. *Industrial Accident Board, supra,* to which we adhere, the first thing for it to have done was the ascertaining of the wage received by claimant at the time of his injury. That would have been simple. As we have shown, the wage was $40 per week. The next thing would have been to have as-

certained the wages he was able to earn, if any, from the time of the hearing, when his temporary total disability ended and his permanent partial disability began. The board found claimant's permanent partial disability to be forty-five per cent. and there is ample evidence for the finding; that leaves fifty-five per cent. of ability. Therefore, the presumption is that from the time of the hearing he was able to earn something. However, there is an entire dearth of evidence upon that point. The evidence shows that claimant has very little education and is not qualified for any employment other than such as requires manual labor. Medical witnesses testified that never again could he work as a miner and that he never could do any manual labor of consequence. They testified that he might be able to conduct a news-stand or small store; that he might do light work. One of them testified that he might be able to be a watchman, if it should not require of him any climbing. All such testimony was vague and there was not a particle of testimony as to what he might or could earn at any such employment nor was there any testimony that he could obtain any such employment, if able to engage in it.

As to conducting a news-stand or store, that is not employ-[6] ment and anything earned thereat is not properly wages. It would require an investment and the investor might not only not receive any return for his time and labor in attending to it but might lose the investment. (Harper on Workmen's Compensation, 2d ed., 309.) As to light work and employment as a watchman, there is not only not a particle of evidence as to what claimant could earn thereat but none whatever that claimant had ever made any effort to obtain [7] any such work or employment. Not being totally disabled now, it is claimant's duty to make active effort to procure such work as he can perform. (*Dosen* v. *East Butte Copper Mining Co.*, supra.) True, the board found claimant had been totally disabled to the time of the hearing and that his partial disability began at that time but that was approximate and, as he knew beforehand he was to have a

hearing, he might and should have begun to make inquiry for work, so as to furnish the board some evidence on which to render a justifiable decision. Had he made effort to obtain suitable employment and shown by the evidence that it was not obtainable in the market, that would have been a factor to be considered in determining the wages, if any, he was still able to earn. (1 Honnold on Workmen's Compensation, 597–608, and cases cited; Harper on Workmen's Compensation, 2d ed., 311, 328 and cases cited.) It was incumbent on claimant to show by evidence the wages, if any, he was still able to earn and as well that he had made every reasonable effort to obtain suitable employment and, thus, make out his case. (*Dosen* v. *East Butte Copper Mining Co.*, supra; *Weber* v. *American Silk Spinning Co.*, 38 R. I. 309, Ann. Cas. 1917E, 153, 95 Atl. 603; 1 Honnold on Workmen's Compensation, 578.) It did not devolve upon defendants to do either. There was not sufficient evidence before the board upon which to base an award for permanent partial disability; hence, its award therefor is not justified by the evidence.

We hold the district court was right in affirming the board's award for temporary total disability and in so much of its judgment as related thereto but that it erred in affirming the board's award for permanent partial disability and rendering judgment therefor. On that account, the cause must be sent back to the district court, for further evidence and further proceedings, in accordance with the procedure herein outlined as proper, so the district court may do what the board should have done.

[8] Inasmuch as there must be further proceedings in the district court and a new judgment rendered by it, we give attention to the objection by defendants, made by specification of error, to the award of compensation in way of lump sum settlement. That is a matter within the discretion of the board (sec. 2926, Rev. Codes, 1921) and, of course, the discretion of the district court, when there is appeal to it, and that discretion will not be interfered with unless there appears an

abuse of it. That is the general holding. (1 Honnold on
Workmen's Compensation, 653; Harper on Workmen's Com-
pensation, 2d ed., 344; *Underhill* v. *Central Hospital,* 66 Ind.
App. 44, 117 N. E. 870; *Karoly* v. *Industrial Commission,* 65
Colo. 239, 176 Pac. 284; *Kokotovich* v. *Industrial Commission,*
69 Colo. 572, 195 Pac. 646; *Raffaghelle* v. *Russell,* 103 Kan.
849, 176 Pac. 640; *Stephenson* v. *State Industrial Com.,* 79
Okl. 228, 192 Pac. 580; *Myers* v. *Armour & Co.,* 103 Neb. 407,
172 N. W. 45; *McMullen* v. *Gavette Con. Co.,* 207 Mich. 586,
175 N. W. 120; *Texas Employers' Ins. Assn.* v. *Downing,*
—— Tex. Civ. App. ——, 218 S. W. 112.) Many other like
cases might be cited.

In this case, all of the evidence goes to show that claimant's
partial disability is and, from the time of the hearing, was
and will be permanent. Four medical witnesses testified.
They differed about the degree of the permanent partial dis-
ability but all agreed there would always be some. Two of
them put it at from forty-five to fifty per cent. The board,
by its finding, put it at the former figure. In so doing, we
do not feel it erred. There is ample substantial evidence to
support the finding. The district court affirmed that finding.
Therefore, as it is shown by the evidence there will always be
substantial disability, we do not see that any injustice will be
done to employer or insurance carrier by commutation of com-
pensation to a lump sum settlement. Under all of the circum-
stances of the case, we do not hold there was an abuse of the
board's discretion, or that of the district court, in that re-
spect. We do not deem it necessary to notice any of the
specifications of error which have not been discussed by us.

For the reasons given, the judgment is reversed and the
cause is remanded to the district court for further proceedings
not inconsistent herewith.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES
STARK, MATTHEWS and GALEN concur.