WM. E. SPIETH, Claimant and Respondent, v. ARTHUR L. STUART, d/b/a Bozeman Electric Company and General Casualty Company, Defendants and Appellants.

No. 9524.

Submitted November 12, 1955. Decided June 27, 1956.

299 Pac. (2d) 106.

Mr. Lyman H. Bennett, Jr., Bozeman, for appellants.

Mr. J. H. Morrow, Jr., and Mr. D. A. Nash, Bozeman, for respondent.

Mr. Bennett, Mr. Morrow and Mr. Nash argued orally.

MR. JUSTICE ANGSTMAN:

Claimant sustained injuries on July 10, 1952, arising out of

and in the course of his employment with the defendant, Arthur L. Stuart, doing business as Bozeman Electric Company. He presented a claim to the industrial accident board for workmen's compensation. After hearing the board ruled that claimant's injury produced permanent disability and fixed the compensation at $27.50 a week for not to exceed 37 weeks. The injury was found to be a crushing injury to the distal phalanx of the right thumb. His petition for a rehearing before the industrial accident board was denied and he thereafter appealed to the district court.

The record before the court was the same as that before the board. No additional evidence was submitted to the court except visual inspection of the thumb. The court, Honorable W. W. Lessley, adopted and affirmed the findings of the board as to the disability being rated as partial and permanent in character and so far as it fixed the compensation at $27.50 per week but changed the duration of those payments for not to exceed 500 weeks. Defendants have appealed from the judgment.

The case presents for consideration the question as to whether the court was right in allowing compensation for a maximum of 500 weeks.

The case is ruled by R.C.M. 1947, section 92-703, as amended in 1949. This section, after providing for compensation for partial permanent disability, contains this limitation: "not exceeding, however, the maximum compensation allowed in cases of total disability, and not exceeding the total compensation provided in this act for the total loss of the member causing such partial disability."

R.C.M. 1947, section 92-709, as amended, limits the duration of payments of compensation for the loss of one thumb at the proximal joint to 37 weeks. The question then is whether the limitation contained in section 92-703, to the effect that the total compensation shall not exceed the total loss of the member causing such partial disability was properly applied by the court.

In considering this question we keep in mind certain well

██ established principles, one of which is contained in R.C.M. 1947, section 92-838, which reads: "Whenever this act or any part or section thereof is interpreted by a court, it shall be liberally construed by such court." This has been held to mean it must be construed in favor of the claimant. Grief v. Industrial Accident Fund, 108 Mont. 519, 93 Pac. (2d) 961. In Geary v. Anaconda Copper Mining Co., 120 Mont. 485, 188 Pac. (2d) 185, 186, this court said, "when it [the statute] is open to more than one interpretation, one favorable to the employee and the other against him, we must give it the construction most favorable to the injured workman * * *." The limitation in the statute, section 92-703, to the effect that compensation shall not exceed the total compensation provided "for the total loss of the member causing such partial disability" is not ambiguous, and it is not subject to more than one interpretation, but if so it should receive the interpretation most favorable to the injured workman.

What then is the meaning of the limitation "not exceeding ██ the total compensation provided in this act for the total loss of the member causing such partial disability?"

Section 92-703 treats of two main subjects. The first subject is what weekly compensation shall claimant receive.

This, as a reading of that section will disclose, depends upon the number of his dependents and their relationship to claimant. The second subject is that of the duration of the payments.

Section 92-709, which has to do with specified injuries, also treats of the same two subjects.

The two sections differ substantially in their provisions for determining the total weekly compensation to be paid.

Section 92-703 as amended bases the total weekly compensation upon the difference between the wages received at the time of the injury and the wages claimant is able to earn thereafter. The percentage varies according to the number of dependents and their relationship to claimant.

Section 92-709 as amended bases the award of weekly compensation upon a percentage of the wages received at the time

of the injury. The percentage varies according to the number of dependents and their relationship to claimant.

And section 92-702 relating to total permanent disability fixes the total weekly compensation the same as does section 92-709.

The clause in section 92-703, "not exceeding, however, the maximum compensation allowed in cases of total disability, and not exceeding the total compensation provided in this act for the total loss of the member causing such partial disability" has reference only to the total weekly compensation. It has nothing to do with the length of time the award must be paid.

The clause having to do with the duration of the payments is found in the last clause of section 92-703 reading: "Such compensation shall be paid during the period of disability, not exceeding, however, five hundred (500) weeks in cases of permanent partial disability, and fifty (50) weeks in cases of temporary partial disability."

If this is not the proper interpretation to be placed upon the section as a whole then the last clause would become meaningless.

Here there is no controversy regarding the total weekly award made by both the board and the court. The only controversy is that concerning the duration of the payments. The court properly held that the payments must run for the duration of the disability not exceeding 500 weeks.

Nor does this conclusion conflict with that part of section 92-709 which provides that the compensation for specified injuries shall be in "lieu of any other compensation provided by this act". Section 92-709 has application in those cases only where claimant seeks compensation for specified injuries. In such cases he need not show loss of earnings. He is entitled under section 92-709 to an arbitrary sum—a percentage of his salary—as compensation for the loss of the member regardless of loss of earnings or earning capacity. Under section 92-703 he must show loss of earnings. In order to construe these sections most favorably to the workman he may take his

choice by proceeding under section 92-703 and prove loss of earnings, or he may proceed under section 92-709 and obtain the arbitrary amount. If he proceeds under the latter section then that is exclusive and he may not obtain any further compensation. But if he chooses he may proceed under section 92-703.

He may take his choice but cannot recover under both sections. If he proceeds under section 92-709 the recovery there is in lieu of any other compensation.

We are aware that many courts hold that where the statute allows compensation for certain prescribed, scheduled injuries there can be no award as for partial permanent disability but the claimant is limited to the award for specified injuries.

The cases are collected in 71 C.J., Workmen's Compensation, sections 547 and 551, pages 833 and 837. Examination of the cases there cited will disclose that those supporting the text involved statutes different from ours.

Likewise some of the cases reached the conclusion they did because the pleadings were based on the claim for specified injuries and not for partial permanent disability.

There is dictum in the case of Dosen v. East Butte Copper Mining Co., 78 Mont. 579, 254 Pac. 880, that supports the view that claimant sustaining one of the specified injuries may not recover under general provisions of the statute. The precise point was not before the court. What is now section 92-703, then section 2914, R.C.M. 1921, was expressly stated in the court's opinion as not being before the court.

What we have held herein to be the proper interpretation to be placed upon sections 92-702, 703 and 709, conflicts with the holding in Novak v. Industrial Accident Board, 73 Mont. 196, 235 Pac. 754, 756, but the reasoning in that case is unsound and to the extent that it conflicts with the holding herein the opinion in that case is expressly overruled.

It is said in the Novak case that "The *total* compensation does not refer to weekly compensation, but to the sum total after computation."

The statute under consideration in that case relating to an injury producing total disability, being section 2913, R.C.M. 1921, now R.C.M. 1947, section 92-702, defies construction under the court's ruling in that case. Section 2913, then under consideration, provided as compensation for an injury producing total disability permanent in character, "fifty per centum of the wages received at the time of the injury, subject to a maximum compensation of twelve and one-half dollars per week, and a minimum compensation of six dollars per week * * *. Such compensation shall be paid during the period of disability, not exceeding four hundred weeks, after which time payment shall continue during disability at the rate of five dollars per week."

If total compensation does not mean total weekly compensation but a combination or computation of the weekly award together with the duration of payments, then how could any one compute what the total compensation in a given case would be where the disability continues beyond the 400 weeks under former section 2913?

The court attempted to do so in the Novak case on page 204 of its opinion in 73 Mont., on page 756 of 235 Pac., but it should be noted that the court in making the computation did so in compliance with only a part of the statute. It ignored completely that part of section 2913 which provided for payments after 400 weeks "at the rate of five dollars per week" during the continuance of the disability. The method of computation applied in the Novak case was quoted from with approval in Sullivan v. Anselmo Mining Corp., 82 Mont. 543, 552, 268 Pac. 495, and to that extent the Sullivan case is likewise overruled.

Likewise the court seemed to be swayed in the Novak case by the fact that the compensation under section 2920 which is now section 92-709 for injury to the first joint of a finger would be the same as for disability caused by injury to the arm from the shoulder down. But that is what the legislature

provided. That is no reason for construing the statute otherwise than as it is written.

The legislature thought it was sufficient to make the award for specific injuries exactly the same regardless of the severity of the injury and regardless of the particular member of the body involved.

The legislative intent is made plain to allow the payments to be made over a longer period according to its judgment of the importance of the particular member of the body that is lost. Judge Lessley properly ruled that the payments should continue for a period not exceeding 500 weeks.

The record shows that as soon as the industrial accident board made its decision, claimant perfected an appeal to the district court before filing a motion for rehearing. Upon having his attention called to the fact that he was obliged to file a petition for rehearing before he was in a position to appeal, he dismissed his attempted appeal without prejudice and then filed a motion for rehearing. It was after the denial of the motion for rehearing that he again appealed to the district court. Upon the trial in the district court defendants moved to dismiss the appeal, contending that by dismissing the first appeal claimant waived his right to appeal.

As before noted the first attempted appeal was dismissed in order to comply with R.C.M. 1947, section 92-833, which seems to contemplate an appeal only after a decision on rehearing. The dismissal was expressly made without prejudice to another appeal within the meaning of section 93-8020, notwithstanding no order of the judge of the court so reciting was made but where such order was signed by the clerk of the court.

The fact that there was no waiver of a second appeal was disclosed by the praecipe for dismissal declaring specifically that the same was made without prejudice. The second appeal having been taken in due time, as here, the same was not barred. 4 C.J.S., Appeal and Error, section 34, page 107.

Defendants further contend that the application for rehear-

█ █ did not comply with the statute. There is no merit in this contention.

R.C.M. 1947, section 92-831, requires the application for rehearing to set out specifically and in full detail the grounds upon which applicant considers the order or decision to be unjust or unlawful. The petition for rehearing stated as grounds that the board acted without or in excess of its powers; that the findings do not support the order and decision of the board in limiting payments to 37 weeks instead of allowing a maximum recovery of 500 weeks; and that the order is unreasonable. These are grounds stated in R.C.M. 1947, section 92-829, for applications for rehearing. The notice of appeal to the district court was to the same general effect. The application for rehearing complied substantially with sections 92-829 and 92-831 and was sufficient to invoke jurisdiction of the board on rehearing and the same is true of the notice of appeal to the district court.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR and MR. JUSTICES ANDERSON and BOTTOMLY, concur.

MR. JUSTICE DAVIS: (concurring in part and dissenting in part).

I agree that Spieth's appeal to the district court after the board's denial of his petition for rehearing brought his claim before that court and within its jurisdiction. But I do not agree with the disposition which the majority makes of the case upon the merits. I would set aside the judgment of the lower court and affirm the board's order.

My dissents in Levo v. General-Shea-Morrison, 128 Mont. 570, 280 Pac. (2d) 1026; Rathbun v. Taber Tank Lines, Inc., 129 Mont. 121, 283 Pac. (2d) 966, and Gaffney v. Industrial Accident Board, 129 Mont. 394, 287 Pac. (2d) 256, give in detail my view of the function of this court upon its review of cases arising under the Workmen's Compensation Act. What

I wrote in those cases of the principles I would apply to Spieth's appeal I summarize in these words, viz., (1) Although it is our duty to construe this Act liberally, we may not under the guise of a liberal construction construe where no construction is necessary to extract a plain meaning plainly expressed by the words found in the statute; and (2) neither we nor the district court may overturn the board's findings of fact in any case where those findings are supported by substantial evidence in the record, and there is no preponderance of that evidence to the contrary.

First here, of the latter of these cardinal principles: The district court accepted the findings made by the board in this case, as I believe was its plain duty within the rule which I have stated. These findings are supported by substantial evidence. There is no preponderance of that evidence against them. We need then give no further consideration to the facts of Spieth's claim. They are established beyond dispute.

From these facts it appears that Spieth has sustained a partial disability permanent in character which is compensable, i.e., he has suffered a "severe crushing injury to the distal phalanx of his right thumb." Speith is undeniably entitled to compensation accordingly consistent with R.C.M. 1947, section 92-703, as amended by section 3, Chapter 7, Laws of 1949, and as supplemented by R.C.M. 1947, section 92-709, amended also by section 6, Chapter 7, Laws of 1949. Hence our sole problem is to apply those statutes to his claim.

Admittedly, amended section 92-703 provides, inter alia, that the compensation to be paid Spieth shall not exceed the "total compensation provided in this act for the total loss of the member causing such partial disability", which is here the thumb. I have no doubt at all the thumb is a member of the body within the meaning of our Act. Plainly then in point for me is section 92-709, as amended, which stipulates that a claimant shall be paid for the loss of a thumb at the proximal joint at the applicable weekly rate for thirty-seven weeks, and no longer. For, if this is the "total compensation

provided in this act for the total loss of the member causing such partial disability'', to which section 92-703 refers, as I believe it is, then under that section Spieth may recover upon his claim exactly what the board awarded him, and no more.

Our problem upon this appeal accordingly resolves itself into this: Do the words of these controlling statutes, sections 92-703, 92-709, justify us in construing them at all, or authorize us to do other than apply them as written to Spieth's case? I have myself no difficulty in answering this question as did the board. Its conclusion I believe was correct, and should be here affirmed.

As I read sections 92-703 and 92-709, they are not susceptible of different meanings; conversely stated, the words and the phrases used in these statutes mean but one thing to me. In them there inheres no ambiguity, there is found no uncertainty. Consistent with the first of the rules which I have stated by which in my opinion we are to measure this record we are not then to construe or rewrite these statutes in any way. We are called upon only to apply them as written.

But this is not all. If it can be said that at some point section 92-703 conflicts with section 92-709, and that some ambiguity is hidden in the text of these statutes, it remains nevertheless that more than a quarter of a century ago in Novak v. Industrial Accident Board, 73 Mont. 196, 235 Pac. 754, this court resolved that conflict and at the same time authoritatively explained away any such ambiguity. The words and phrases considered and applied in the Novak case, R.C.M. 1921, section 2914, differ in no substantial particular from the words and phrases found in the statutes which are today to rule Spieth's case. Indeed the controlling language of the statutes at bar is identical with that considered and construed in the Novak case.

As counsel for the appellant rightly notes in his brief, that decision has not heretofore been overruled or modified by this court in any particular, but to the contrary has at least once been cited with approval in Sullivan v. Anselmo Mining Corp., 82 Mont. 543, 552, 553, 268 Pac. 495. The reasoning of the

opinion written in the Novak case and adopted there by a, unanimous court is sound, or so it seems to me. As a precedent that decision has stood since 1925 unchallenged until the majority opinion was written here in Spieth's case.

In these circumstances I see no justification for overruling now Novak v. Industrial Accident Board. I see no point in uprooting thus what has been settled law for something like thirty years heretofore. Particularly I think it wrong on this appeal to deny effect to this precedent, which was the law of Montana at the time Spieth was injured and when first he became entitled to compensation.

To alter in this fashion the obligation of the insurer, which when the Novak case was law bound itself to compensate Spieth for his injury as that law then stood, comes close indeed to an impairment of the obligation of the insurer's contract within the meaning of both the State and Federal Constitutions. I do not propose, however, to turn to the principles of constitutional law to justify in any part my disagreement with the majority in this case. I need not reach that far.

More than once heretofore this court has said that if an earlier decision is overruled or substantially modified, the new rule announced will only apply prospectively to cases and contracts which arise thereafter. Such at least should be our holding here, I think, even if otherwise the prevailing opinion were right. See Montana Horse Products Co. v. Great Northern R. Co., 91 Mont. 194, 215, 7 Pac. (2d) 919; Continental Supply Co. v. Abell, 95 Mont. 148, 171, 24 Pac. (2d) 133. But I do not hold to the view that it is right under any reading of its text. The two precedents in this court which I have last cited merely furnish additional reasons why I am persuaded the majority is wrong, and their opinion here unsound in its application of the law no less than in their construction of the Compensation Act.