RICHARD J. MURRAY, Claimant and Respondent, v. ELLISTON LIME COMPANY, a Corporation, and STANDARD ACCIDENT INSURANCE COMPANY, a Corporation, Defendants and Appellants.

No. 10348.

Submitted June 13, 1962. Decided August 27, 1962.

374 P.2d 229.

Floyd O. Small, Helena, Robert T. Cummins (argued orally), Helena, for appellants.

Myles J. Thomas, Jr. (argued orally), Billings, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment of the district court of Powell County awarding the claimant compensation for an industrial accident in the amount of $24.50 per week for a period of 500 weeks.

Richard J. Murray is the claimant and respondent; the defendants and appellants are the Elliston Lime Company and its insurance carrier, Standard Accident Insurance Company.

On June 24, 1955, while in the employ of the Elliston Lime Company, claimant Murray suffered an industrial accident when a sack of lime, which he was removing from a sacking machine, burst causing lime to be blown into his face and eyes. As a result of this mishap, the claimant suffered lime burns to both eyes. There is a conflict as to the nature and extent of the damage. Claimant contends that he incurred a twenty percent permanent loss of vision, and that his ability to distinguish colors and depth has been impaired; on the other hand, while admitting that claimant suffered an industrial accident, defendants assert that at least some of the eye damage is the result of retinal modifications caused by vascular changes and aging.

In any event, claimant has not held steady employment since the accident. From the record it is seen that claimant could have returned to his old job at the Elliston Lime Company on March 11, 1956, however, he chose to remain at his home in the community of Marysville where he has been able to earn only $78 since the date of the injury. The record further shows that claimant is capable of performing certain types of unskilled labor, such as laying and loading pipe, fighting forest fires, and chopping and sawing wood.

After hearing his claim, the Industrial Accident Board, basing its award upon section 92-709, R.C.M.1947, the specific injury statute, awarded compensation of $24.50 per week for 100 weeks. Claimant prosecuted an appeal to the district court of Powell County. The district court held that since this injury occurred prior to March 13, 1957, and before the amendment of section 92-703, R.C.M.1947, which eliminated the choice of proceeding

under section 92-703 or section 92-709, Spieth v. Stuart, 130 Mont. 216, 299 P.2d 106, controls, therefore, since the claimant is partially permanently disabled, he is entitled to compensation for his loss of earnings for a maximum of 500 weeks. Accordingly, the district court awarded compensation of $24.50 per week for 500 weeks.

Of appellants' eight specifications of error, three deal with whether or not the Spieth case compels an award for the maximum period of 500 weeks. Necessary to a disposal of the instant case is a discussion of our holding in the Spieth case.

·Both the claimant and the appellants agree as to the applicability of the Spieth case, but disagree as to the district court's interpretation of it.

The Spieth case allowed the claimant either to elect to proceed under R.C.M.1947, § 92-709, the specific injury statute, and receive an arbitrary amount for loss of or injury to a member, or, to proceed under R.C.M.1947, § 92-703, in which event and upon proper showing, the claimant could possibly receive the maximum 500 weeks compensation for permanent partial disability resulting from loss of or injury to a member. We should like to note in passing that since our decision in Spieth v. Stuart, supra, section 92-703 has been amended so that for loss of or injury to a member, standing alone without proof of added disability, the claimant is bound by the duration set forth for the particular loss or injury in section 92-709, the specific injury statute, hence, an election is no longer possible. Becktold v. Ind. Acc. Bd., 137 Mont. 119, 350 P.2d 383 (1960).

In the instant case, the industrial accident occurred prior to March 13, 1957, and before the amendment to section 92-703, consequently, the issues involved here must be determined in light of our foregoing discussion of the Spieth case as it construes section 92-703 and 92-709. We note that in the case at bar claimant Murray elected to proceed under section 92-703, however, the Board made its award under the provisions of section 92-709, the specific injury statute. The district court,

finding that the claimant suffered a permanent partial disability, to-wit, twenty percent loss of total vision, felt compelled in view of Spieth v. Stuart, supra, to award the maximum 500 weeks of compensation.

While we in no way intend to renounce or limit the salutary rule that the Workmen's Compensation Act should be liberally construed in favor of the claimant (See Grief v. Industrial Accident Fund, 108 Mont. 519, 526, 93 P.2d 961 (1939); Spieth v. Stuart, 130 Mont. 216, 219, 299 P.2d 106 (1956), neither do we intend to make the liberal construction concept a vehicle by which able-bodied workmen can achieve semi-retirement at the expense of insurers.

In the Spieth case where this court allowed an election to a claimant suffering from loss of a member, we made it clear that under section 92-703, the claimant must show loss of earnings. Spieth v. Stuart, supra, 130 Mont. at 220, 299 P.2d at 108. In this regard the test of whether or not claimant's earning capacity has been impaired as set forth in Shaffer v. Midland Empire Packing Co., 127 Mont. 211, 213-214, 259 P.2d 340, 342 (1953), is applicable. In that case, this court stated: "The test, however, is not whether there has been a loss of earnings or income caused by the injury, but rather has there been a loss of earning capacity—a loss of ability to earn in the open labor market." Similarly, in Meznarich v. Republic Coal Co., 101 Mont. 78, 93, 53 P.2d 82, 87 (1935), this court said: "Aside from the loss of members of the body, the extent of a man's disability is determined by answering the question as to whether or not he is able to earn wages by labor, and, if so, how his earning capacity compares with that before the injury. If he is still able to earn something as wages, his disability is partial; if not, it is total."

Both of the foregoing quotations deal with loss of earnings, which must be established when the claimant proceeds under the provisions of section 92-703. In the instant case the district court has in effect ruled that the claimant Murray will never regain his maximum earning capacity. A reading of the record

regarding the circumstances surrounding claimant's semi-retirement in Marysville warrants no such conclusion. From the record we see that the claimant could have regained his old job at the Elliston Lime Company at no less than the same salary, also, since the date of the accident claimant has engaged in certain types of non-skilled labor, further, it appears that claimant has made no reasonable effort to obtain suitable employment as required by law. (See Sullivan v. Anselmo Mining Corp., 82 Mont. 543, 557, 268 P. 495 (1928).

We therefore hold that in this case the claimant has not made a sufficient showing of loss of earnings so as to entitle him to the maximum award of 500 weeks under the interpretation of Spieth v. Stuart, supra. In view of the fact that the claimant has to date received 100 weeks compensation for the industrial accident, and the fact that Spieth v. Stuart, supra, does not compel an award of 500 weeks compensation where loss of earning capacity is not shown, the judgment of the district court is reversed, and the cause remanded to that court with instructions to forthwith remand the cause to the Industrial Accident Board in order that it may dispose of the case under the provisions of section 92-713, R.C.M.1947.

MR. JUSTICES DOYLE, ADAIR, CASTLES and JOHN C. HARRISON concur.