PAULICH, RESPONDENT, v. REPUBLIC COAL CO., APPELLANT.

(No. 7,926.)

(Submitted September 27, 1939. Decided February 29, 1940.)

[102 Pac. (2d) 4.]

*Messrs. Murphy & Whitlock* and *Mr. W. W. Mercer,* for Appellant, submitted an original and a supplemental brief; *Mr. Mercer* and *Mr. J. C. Garlington,* of Counsel, argued the cause orally.

*Mr. F. W. Mettler,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

The respondent, Luke Paulich, was an employee of the appellant coal company. The appellant was enrolled under Plan No. 1 of the Workmen's Compensation Act (Rev. Codes 1935, sec. 2970, et seq.), at the time of the industrial injury suffered by respondent. He regularly filed his claim for compensation with the Industrial Accident Board, hereinafter referred to as the board, on November 18, 1931. The claim was contested by appellant and, after hearing, the board on July 28, 1932, granted to respondent 56 weeks of compensation at $19 per week, the board's order being:

"It is therefore ordered and adjudged that the Republic Coal Company pay to Luke Paulich four (4) weeks compensation at the rate of $19.00 per week as a temporary total disability and that it pay to Luke Paulich 52 weeks compensation at the rate of $19.00 per week, in addition thereto, as a permanent partial disability, the payments to date from August 20th, 1931, in full and final settlement of his claims for compensation arising out of alleged injuries of August 1, 1931, August 20th, 1931, and November 7th, 1931.

"It is further ordered and adjudged that Luke Paulich accept 4 weeks compensation at $19.00 per week as a temporary total disability and 52 weeks compensation at the rate of $19.00 per week, in addition thereto, as a permanent partial disability, in full and final settlement of his claims for compensation arising out of his alleged accidental injury on August 1st, 1931, August 20th, 1931, and November 7th, 1931."

From this order respondent appealed to the district court of the Fourteenth Judicial District for the county of Musselshell,

and after hearing on October 11, 1932, the court in its findings affirmed the findings of the board, except that the weekly compensation was raised from $19 to $20 per week, and the date from which payments were to be made was changed to November 7, 1931. This first order on appeal was dated February 9, 1933. Subsequently respondent moved the court to modify its conclusion as to the amount of weekly award, which motion was on March 16, 1933, overruled. Subsequently, and on March 25, 1933, the final order was entered, which recites in conclusion: "That as compensation for his temporary total disability and permanent partial disability he be paid by the said defendant, the sum of $20.00 per week for the period of 56 weeks from November 17th, 1931, and that he accept from said defendant such compensation; that the defendant, Republic Coal Company, is entitled to credit for such sums as have heretofore been paid by them."

It will be noted that the hearing before the district court on appeal was held before the expiration of the 56 weeks included in the judgment. And it is also to be noted that the judgment of the district court does not contain the provision found in the order of the board that the judgment be accepted as a full and final award.

On April 11, 1933, the amount of this judgment, minus credits, together with interest, was paid. Subsequently and after receipt of the amount of the judgment, respondent filed an appeal in this court. (*Paulich* v. *Republic Coal Co.*, 97 Mont. 224, 33 Pac. (2d) 514, 515.) The appeal in this court was dismissed on the ground that the acceptance by respondent of the fruits of the judgment precluded an attack by him on the judgment, the court saying: "Counsel was tendered, and accepted, the fruits of the judgment; this act was inconsistent with the right of appeal; the election of the one necessarily excludes the enjoyment of the other."

On July 12, 1934, respondent filed a petition with the board, under the provisions of section 2956, Revised Codes, which provides in part that the board may, at any time after the date of award, "review, diminish, or increase, within the limits provided by this Act, any compensation awarded upon the grounds

that the disability of the person in whose favor such award was made has either *increased* (italics ours) or diminished or terminated.'' In this petition respondent claimed that his disability had been aggravated. After hearing, and on March 4, 1935, the board denied and dismissed the petition, stating in its conclusions: ''The board does not believe that Luke Paulich in December of 1934 was suffering any greater disability than he was in 1932 when his claim was originally decided by the Industrial Accident Board. The evidence of his own expert physician is positive that his condition is the same and the only exception the doctor makes is that he [the doctor] rated the claimant at too low a percentage at the time of the original examination. The petition of Luke Paulich for an award of an additional and further compensation is therefore denied and dismissed.''

From this order respondent appealed to the district court and, after trial and hearing, that court on September 13, 1935, sustained the board. In its findings of fact the court recites: ''The said claimant on July 12th, 1934, petitioned the Industrial Accident Board to make a further and additional award upon the ground that the disability due to said industrial accident had *very materially increased* (italics ours) since the hearing before the Industrial Accident Board.'' In this finding, in speaking of the order of the board, the court said: '' [It] made its decision and order dismissing and denying the petition of claimant for an award of additional and further compensation on the ground that said claimant was suffering no greater degree of disability from said accidents than at the time of the first hearing before the Industrial Accident Board.'' The court found in its findings that Paulich was suffering no greater degree of disability and sustained the board. In its judgment it recites in part: ''Luke Paulich is not entitled to recover any other or further compensation from said defendant.''

It is to be noted that this later petition was acted on prior to the decision in *Lunardello* v. *Republic Coal Co.*, 101 Mont. 94, 53 Pac. (2d) 87, which was determined in this court on December 19, 1935, and the decision in *Meznarich* v. *Republic Coal Co.*, 101 Mont. 78, 53 Pac. (2d) 82, decided on December

12, 1935. No appeal was perfected from the judgment of the district court.

On November 19, 1936, respondent filed with the board a petition denominated "Petition for Hearing for Determination of Disability and Order Directing Payment of Additional Compensation in accordance with the Judgment and Order of the District Court of Date March 28, 1933." By this petition respondent sought to have the period of payment of weekly compensation extended to the maximum allowed by the statute, claiming that his disability continued after the date of the judgment of March 28, 1933. He did not claim a changed condition in this petition, as he did in the petition of July 12, 1934.

To this last petition appellant filed its answer, and to this answer respondent filed a reply. On May 24, 1937, the board, without a hearing and without taking any testimony, denied and dismissed this petition, basing its action on the theory that the board had no jurisdiction to grant the relief sought. The board took the view that the petition was one seeking to enforce an order of the court. The board states in its conclusions: "The petition now before the board * * * to enforce a court order and is not one alleging an increase in the disability. The board therefore has no jurisdiction."

Subsequently respondent filed an application for rehearing, which was denied. He then appealed to the district court of the Fourteenth Judicial District from the order of the board dismissing his petition and his application for rehearing. The appeal was heard by the court below on December 10, 1937. At that hearing respondent moved the court for leave to introduce testimony in addition to that introduced before the board, for the reason that it was necessary to bring the facts of the case down to the time of the hearing before the court. Appellant objected to the consideration of the matter, except as a matter of review only, and this objection was by the court overruled, and witnesses were examined and proof heard. Judgment in favor of respondent was given on July 16, 1938, in the sum of $5,341. According to the judgment, this sum was computed on the basis of the total amount of compensation from and after the 3d day of December, 1932, the date of the first hearing

180

before the district court, in which the original award was made to the respondent to and including June 28, 1938, as a lump sum payment of all accumulated amounts due. It is from that judgment that this appeal is taken.

Two primary questions are presented to this court by this appeal. The first question that must be determined is: Did the board have jurisdiction to hear the petition of respondent? And, second: Did the court proceed properly and within its powers when it heard the matter on appeal as it did?

In order to answer the first question, it is first necessary to examine what had transpired in this particular matter prior to the filing of the last petition.

It is argued that the acceptance by Paulich of the fruits of the first judgment renders that judgment conclusive and that now Paulich is not in a position to seek further payments based in any manner upon that original judgment. It is true that so far as the period covered by the compensation accepted is concerned, the judgment is conclusive on respondent and he cannot now question it. (*Paulich* v. *Republic Coal Co.*, supra; *Shugg* v. *Anaconda Copper Min. Co.*, 100 Mont. 159, 46 Pac. (2d) 435.) But as to the period not covered by the award of compensation, and the compensation accepted by respondent, the judgment is not conclusive. (*Meznarich* v. *Republic Coal Co.*, supra.)

To hold as appellant contends, would nullify the provisions of our Code, sections 2952 and 2956, providing for continuing jurisdiction on the part of the board to take care of those situations where the claimant accepted the full amount of the award and later discovered that his disability continued. His acceptance of the weekly award, or the total of the weekly awards, could not bar his application for additional compensation based on continuing disability.

It is then argued by appellant that the judgment of September 13, 1935, based on the petition of respondent, for additional compensation, on the theory that his condition as to disability had increased, is *res judicata.* As has been indicated heretofore, that petition was based on the provisions of section 2956, which provides that additional compensation may be

awarded where it is shown that the disability of the person in whose favor the award is made has increased. Prior to the *Meznarich* and *Lunardello Cases,* supra, it was generally understood that under the Montana statutes the award, when made in a final sum, precluded the recovery of any additional compensation in excess of the total contemplated by the judgment, unless there was a showing that the disability had increased. It was on that theory that the second petition was filed, and on that theory alone, as evidenced by the conclusions of both the board and the district court, that the matter was determined. (*Shugg* v. *Anaconda Copper Min. Co.,* supra.) The judgment of September 13, 1935, is *res judicata* only as to the matter then considered, and then determined, namely, that the disability of respondent had not increased or become aggravated.

We have heretofore quoted the language of the conclusions of the board and of the court, which in effect are that the respondent's disability was the same at the time of the hearing on the second petition as it was at the time of the original award, and they specifically hold that his disability has not been aggravated, and his petition was denied solely on that ground.

The present petition is based upon an entirely different theory from the second petition, and although the language of the court is broad in denying the petition and dismissing it, yet it is apparent from a casual reading of the findings and conclusions that the only thing considered by the board and by the court was the question of increased disability, and it is only as to that matter that the judgment is *res judicata.*

That the board has jurisdiction to entertain the petition and grant the hearing is settled by the two recent cases heretofore cited—*Meznarich* v. *Republic Coal Co.,* and *Lunardello* v. *Republic Coal Co.,* supra. Section 2952, Revised Codes, provides: ''The board shall have continuing jurisdiction over all its orders, decisions and awards, and may at any time, upon notice, and after opportunity to be heard is given to the parties in interest, rescind, alter, or amend any such order, decision or award made by it upon good cause appearing therefor. Provided, that the board shall not have power to rescind, alter, or amend any final settlement or award of compensation more than

two years after the same has been made, and provided further that the board shall not have the power to rescind, alter or amend any order approving a full and final compromise settlement of compensation. Any order, decision, or award rescinding, altering, or amending a prior order, decision, or award, shall have the same effect as original orders or awards."

In construing this section and sections 2912 et seq., the court in the *Lunardello Case* said: "Plaintiff is correct in his contention that after a type of disability has been finally ascertained, whether it be temporary-partial, temporary-total, permanent-partial, or permanent-total, payments must be made during the continuance of the disability, not exceeding the maximum time, in accordance with the law and as prescribed therein for the particular type of disability involved. It is not necessary that the total allowance all be included in one order, or all be made at one time; what we mean to say is that no order may be considered as full allowance unless the maximum is contemplated and included therein, and even then such order and allowance must still be subject to modification or change under the continuing jurisdiction of the board."

And in the *Meznarich Case* the court said: "The mere fact, then, that the board purported to make the order of December 19, 1931, 'final,' is of no force or effect, as that provision of the order was in contravention of the statutes vesting power in the board, and the board could not thus divest itself of the continued jurisdiction vested in it by the Act." (101 Mont. 78, 53 Pac. (2d) 85.) And further the court said: "As our Act, in common with those in other jurisdictions, declares in each instance with respect to the several classifications of disability, that the weekly compensation fixed under the particular section shall be paid 'during the period of disability,' a claimant's rights are limited only by the declaration of the legislature as to the maximum number of weeks fixed by it as a limit."

It is to be noted that in the two cases last cited the order fixing the number of weeks of compensation to be allowed, recited that the order was full and final, while in the present case, although the order of the board on the first petition was in that language, the judgment of the district court on appeal from the

first order of the board significantly left out the provision that the award be full and final settlement of respondent's claim for compensation. On the authority of the last two cases cited, the board did have jurisdiction to grant the respondent the leave prayed for in his petition, and it should, therefore, have granted the hearing. Inferentially the district court so ruled in the decision appealed from, and its holding that respondent was entitled to compensation included within it a holding that the board had jurisdiction to hear the petition.

Appellant urges that the court erred in proceeding with the ▮▮▮ hearing on appeal. It argues that if it should be held that the former judgments heretofore discussed were not a bar to this petition, then all that the district court could do would be to dismiss the petition, or, at most, send it back to the board with direction to hold a hearing. This court has indirectly considered the problem presented by this argument on a number of occasions. On at least two different occasions this court affirmed the lower court where it proceeded exactly as here.

In *Nicholson* v. *Roundup Coal Min. Co.,* 79 Mont. 358, 257 Pac. 270, 271, the proceeding before the board and in the district court was very much the same as in this case. There a petition was filed with the board in which the widow of a deceased workman sought to have his death declared to be due to an industrial accident, and to secure an allowance of compensation. With the petition were filed various exhibits. The defendant answered and accompanied its answer with certain affidavits of physicians and other persons. These affidavits stated that the workman died of heart failure—a natural cause. The board, after receiving these various instruments, refused to grant a hearing and dismissed the claim. In that case the board in effect said in denying the hearing that the application, answer and various exhibits attached to the two pleadings, demonstrated that there was no industrial accident and, therefore, there was nothing for the board to determine, i. e., that the petition and answer revealed no jurisdictional facts upon which the board could proceed. In the present case, the board says that the judgments filed with the answer show this same lack of jurisdictional facts, and, therefore, the board denied the petition here.

184

In the *Nicholson Case,* supra, on appeal the district court proceeded as here, heard evidence and found for the defendant. This court, in stating the facts in its opinion, said: "And, on the trial, the court permitted each party to introduce oral testimony on all questions involved, so that the court had before it a complete case, independent of the showing made to the board." The lower court in its order cited *Willis* v. *Pilot Butte Min. Co.,* 58 Mont. 26, 190 Pac. 124, to the effect that the power of the district court is that of review rather than that of retrial. This court in reversing the district court in the *Nicholson Case* said: "The board held no hearing and, in effect, disposed of the claim as on a motion for judgment on the pleadings on questions of law, although the pleadings raised an issue as to whether decedent's death was caused by accident or resulted from natural causes, and, in order to arrive at its decision, the board must have taken into consideration the ex parte showing made by the company. The board's decision on a question of law stands in a very different situation from its findings of fact based on evidence received at a hearing. The rule invoked does not apply to decisions on questions of law, and has application only to those appeals determined on the 'cold record' certified to the court by the board, as pointed out in the *Morgan Case [Morgan* v. *Butte etc. Min. Co.,* 58 Mont. [633], 641, 194 Pac. 496] referred to; it is not controlling in cases in which the court permits additional testimony, and has no application when the additional testimony shows fact conditions differing from those presented to the board. On all appeals in which the court permits such additional testimony, the trial is a re-examination in the nature of a review, so far as the record made before the board is concerned, but, as the additional testimony was not before the board, the trial is *de novo* as to such additional evidence. (*Dosen* v. *East Butte Copper Min. Co.,* 78 Mont. 579, 254 Pac. 880; *Novak* v. *Industrial Acc. Board,* 73 Mont. 196, 235 Pac. 754.) The court should have considered all of the evidence adduced, and determined the questions presented on appeal according to the law and the evidence."

In the case of *Novak* v. *Industrial Accident Board,* supra, claimant filed his claim together with the doctors' reports,

etc. It is apparent that some considerable investigation was made by the board. Without holding a hearing the board allowed compensation, but the claimant on appeal contended that the award was not sufficient. In the opinion the court said: "Owing to the condition [the fact that no hearing was had], the court permitted Novak to introduce oral testimony, under authority of section 2960, Revised Codes of 1921." And further: "As there were no findings of the board for review, this being an appeal from an order denying a hearing and not from the findings, conclusions, and judgment of the board after hearing, the court made its independent findings," based on the evidence adduced for the first time before the court. The judgment of the district court was affirmed. We, then, have two Montana cases in which this court affirmed the lower court where it did what appellant complains of here. The right of the district court to proceed as it did in the *Nicholson* and *Novak Cases* was apparently not contested nor argued, and, therefore, the court did not directly pass on its right to hear evidence where there was no hearing below. However, the court assumed in those two cases that the district court had that power, and, we think, correctly so.

In discussing the field of inquiry in the district court on appeal from an order of the board after hearing, this court said in *Dosen* v. *East Butte Copper Min. Co.*, supra: "Terminology here is of little moment. The trial is a re-examination and redetermination in any and every event. If upon the record of the board, the re-examination is in the nature of review, but the court must render its own judgment. If the court permits additional evidence to be introduced, the trial proceeds upon a consideration of the evidence heard before the board, and that which the court permits in addition thereto. To that extent the trial is *de novo*. The court is given a wide discretion in the matter. Whenever the Compensation Act, or any part or section of it, is interpreted by the court, it shall be liberally construed. (Sec. 2964, Rev. Codes.) Both parties to the action or proceeding shall have the right to appear in the district court and it shall be the duty of the board to appear. If the court shall find upon the trial that—'the findings and conclusions of the board

are not in accordance with either the facts or the law, or that they ought to be other or different [from] those made by the board, or that any finding and conclusion, or any order, rule, or requirement of the board is unreasonable, the court shall set aside such finding, conclusion, order, judgment, decree, rule, or requirement of said board, or shall modify or change the same as law and justice shall require, and the court shall also make and enter any finding, conclusion, order or judgment that shall be required, or shall be legal and proper in the premises.' (Sec. 2961, Rev. Codes 1921.) The intention of the law is that the court shall do full and complete justice to all concerned, so far as it may be possible to do so within the limitations of the statute.''

The attitude of this court as expressed in the *Dosen Case*, supra, when considered in the light of the *Nicholson* and *Novak Cases*, supra, seems to be that in determining to what extent the district court will go in hearing matters not presented before the board, it has a wide discretion, and in determining its action the district court should be guided by the rule that it should do full and complete justice to all concerned. In other words, that the lower court should dispose of the matter completely on the appeal if it is at all possible.

Appellant relies to a great degree on *Willis* v. *Pilot Butte Min. Co.*, supra, which case was decided prior to the decision in the *Nicholson, Novak* and *Dosen Cases*, supra. In none of the cases cited by counsel is there one that directly holds, and only one that impliedly holds, that where there was no hearing before the board, the district court on appeal cannot admit testimony and hear and finally determine the matter. Most of the cases cited, like *Doty* v. *Industrial Accident Fund*, 102 Mont. 511, 59 Pac. (2d) 783, *Rom* v. *Republic Coal Co.*, 94 Mont. 250, 22 Pac. (2d) 161, and many others, consider only the problem of the powers of the district court on appeal where there was a hearing before the board. They are directed to the problem of the weight to be given the findings of the board on the evidence before it. They are concerned, also, to some degree, with the extent to which the district court should permit additional testimony, but on this point they all hold uniformly that that is

a matter entirely within the discretion of the district court. In discussing the matter of review and retrial, they are concerned with the problem of the functioning of the district court, i. e., should the district court hear the matter entirely *de novo,* even on a cold record, and indulge in no presumption as to the correctness of the finding of the board? This court in passing on that question has said that where the matter is heard entirely upon the record before the board, the proceedings are in the nature of a review only, but that where additional important testimony is adduced, then the matter is considered one of retrial, and the rules as to presumptions of the correctness of the board's finding do not obtain. (*Kelly* v. *West Coast Const. Co.,* 106 Mont. 463, 78 Pac. (2d) 1078.)

This court has indicated and held that the district court is not precluded from admitting testimony through the same witnesses and on the same matters that were testified to before the board, and in the *Kelly Case,* supra, it said that where the testimony so adduced is important and differs in any degree from the testimony adduced before the board on the same matters, the record of the board may be disregarded.

Appellant cites the case of *Shugg* v. *Anaconda Copper Min. Co.,* cited supra, and urges particularly the language in that case found on page 168 of 100 Mont., on page 439 of 46 Pac. (2d) as follows: ''If it be conceded that the petition to reopen the case states facts sufficient to invoke the continuing jurisdiction of the board, the appeal here taken was an inappropriate method of attempting to have the changed condition of the injured party determined. Original jurisdiction to determine all questions of fact with respect to awards of compensation is vested in the board (sec. 2947, Rev. Codes 1921), and the board has never heard or determined the question as to whether or not new developments in the claimant's condition warrants further award of compensation. The board only determined the preliminary question of law as to jurisdiction, and refused to act; it would seem, therefore, that the proper remedy would have been mandamus to compel the board to act (*State ex rel. Loney* v. *Industrial Accident Board,* 87 Mont. 191, 286 Pac. 408), for

the power of the court on appeal is that of review to determine 'whether or not the findings of the board ought to be sustained, and whether or not such findings are reasonable under all the circumstances of the case.' (Sec. 2960, Rev. Codes 1921; *Willis* v. *Pilot Butte Min. Co.*, 58 Mont. 26, 190 Pac. 124.) Here there was nothing for the court to review; it was called upon to, and did, hear the case *de novo*, but then decided that it was without jurisdiction to determine the matter of which it has thus assumed original jurisdiction.''

An examination of the above case indicates that what is there said is by way of *dictum*, and we agree that ordinarily the proper course to pursue, and the orderly one, is that indicated in the portion of that case quoted above. However, we feel that the provisions of section 2961, Revised Codes, indicate that the legislature had in mind the granting of very broad powers to the district court on appeal. ''The board and each party to the action or proceeding before the board shall have the right to appear in the proceeding, and it shall be the duty of the board to so appear. If the court shall find from such trial, as aforesaid, that the findings and conclusions of the board are not in accordance with either the facts or the law, or that they ought to be other or different than those made by the board, or that any finding and conclusion, or any order, rule, or requirement of the board is unreasonable, the court shall set aside such finding, conclusion, order, judgment, decree, rule, or requirement of said board, or shall modify or change the same as law and justice shall require, and the court shall also make and enter any finding, conclusion, order or judgment that shall be required, or shall be legal and proper in the premises.''

The statutory provisions as to procedure contemplate without doubt that upon the filing of a petition the board ordinarily shall grant a hearing and be the trier of the facts in the first instance. But this latter section of the statute seems to express rather plainly the will of the legislature that even where the board fails to hold a hearing, on appeal the district court may proceed and determine the matter at once. (See the quotation from *Dosen* v. *East Butte Copper Co.*, supra.) We would like to repeat particularly that portion of the quotation from that

opinion which reads: "The intention of the law is that the court shall do full and complete justice to all concerned, so far as it may be possible to do so within the limitations of the statute."

Were it not for section 2961, the limitations of the statute would prevent determination of the matter finally, as was done by the lower court here, in the absence of a hearing before the board; but the language of section 2961, when considered in the light of the other statutory provisions, certainly does not prohibit the final determination of the matter before the district court, but rather seems to command it.

Even though we should hold that the *Shugg Case,* supra, is controlling on the matter of procedure, there are additional reasons why the lower court must be affirmed, particularly as to the matter of its action in proceeding to hear the case after determining the legal question. The appellant introduced in evidence the various orders and judgments on which it based its technical defense. The first judgment so introduced recites the fact that respondent suffered an industrial accident, and that the injury was a permanent partial one. The second judgment offered by appellant, and the accompanying order of the board, recite that respondent was at that time suffering the same permanent partial disability, and that his condition was the same as it was on the date of the first judgment. Appellant, then, by its own evidence, admits that for two years or more, covered by this last petition now before the court, respondent's condition was what he alleged it to be, namely: That his disability continued as it was at the time of the original judgment. As to the period subsequent to the second judgment, respondent testified as to his condition and earning power, and was cross-examined by appellant; but appellant offered no testimony in rebuttal. It offered no testimony that for that period respondent was not in fact disabled, or that his disability was any less than he testified it to be. Appellant submitted findings of fact but none to the effect that respondent's disability did not exist as he alleged and testified, nor that it was not the same as the court found it to be in the first and second judgments.

190

We are then presented with the situation where there is no ██ substantial dispute as to the facts. Therefore there would be nothing for the board to decide if the matter were sent back to it for a hearing. That situation makes applicable the language of this court in the very recent case of *Halko* v. *Anderson*, 108 Mont. 588, 93 Pac. (2d) 956, 959. The action there was to quiet title to certain real property in the possession of defendant. He was entitled, as a matter of law, to a trial of the issues before a jury. Although he objected, the court proceeded to hear the matter without a jury, and upon the trial it developed from defendant's own testimony that he had no defense to the action. This court said: "It is well established that a judgment will not be reversed for harmless error. * * * A judgment will not be reversed to grant the losing party the abstract right of a trial by jury when the record discloses nothing for the jury to determine. (*Hahn* v. *Shaubut*, 45 Mont. 326, 123 Pac. 694.)" In this latter case, *Hahn* v. *Shaubut*, supra, the court said: "So far as the record presented to us discloses, the defendant had no defense to the action. He could not refuse to offer proof of the affirmative allegations of his answer, and then claim a purely abstract right to a trial by jury after having admitted all of the allegations of the complaint. It was his duty to make the record disclose prejudicial error. Such is the rule in this state. * * * So far as we know, he has suffered no prejudice whatever."

We believe the rule so announced is applicable here. Appellant relied entirely upon the legal effect of the former judgments, and did not offer any evidence that would reveal that it had a defense if the matter were sent to the court below. Before appellant could place the district court in error, it was its duty to make the record show by some testimony that it had been prejudiced by the court's action by proceeding to hear the whole matter, instead of sending it back to the board. This appellant has not done. See, also, *State* v. *Byrd*, 41 Mont. 585, 111 Pac. 407, 411, where the court said: "It is for this court to determine whether an error affects the substantial rights of the defendant. * * * but it is the duty of the defendant who

claims prejudice to make the record so show.'' It may also be noted in passing that the rule of *stare decisis* in view of the *Nicholson* and *Novak Cases,* supra, should properly be applied. (See 7 R. C. L., sec. 30, and *Palmer* v. *Harris,* 23 Okl. 500, 505, 101 Pac. 852, 138 Am. St. Rep. 822.)

In view of what we have said as to the matters adjudicated in the second judgment, and in view of the holding of this court in the *Meznarich* and *Lunardello Cases,* supra, we do not see how this petition and appeal to the district court can be a collateral attack on the order of the board or the judgment of the court in either the first or the second proceedings, and we find no basis for the argument that the petition and appeal constitute a collateral attack, contrary to the provisions of section 2954, Revised Codes.

Error is predicated by appellant upon the admission in evidence of certain X-ray pictures and a report of Dr. E. M. Porter. These pictures and letters were for the purpose of showing respondent's physical condition. Dr. Porter did not testify, nor was there any deposition or affidavit produced covering these matters. Error, even where conclusively shown to have been committed, is not necessarily presumed to have been prejudicial. That is especially true here, where the matter was heard before the court and where there was other ample undisputed testimony to sustain the findings of the court. (*Hill* v. *Chappel Brothers of Montana,* 97 Mont. 305, 33 Pac. (2d) 819; *Noyes' Estate* v. *Granite-Alaska Co.,* 64 Mont. 406, 210 Pac. 96; *Yergy* v. *Helena L. & Ry. Co.,* 39 Mont. 213, 102 Pac. 310, 18 Ann. Cas. 1201.)

The evidence objected to, even though it might have been objectionable, was not prejudicial and its admission furnishes no ground for reversal. (*Backer* v. *Parker-Morelli-Barclay Motor Co.,* 87 Mont. 595, 289 Pac. 571; *Dockins* v. *Dockins,* 82 Mont. 218, 266 Pac. 398.)

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICE ANGSTMAN concur.

HONORABLE FRANK P. LEIPER, District Judge, sitting by consent of the parties:

I am unable to agree with the conclusions reached by the majority in this case and shall endeavor to point out wherein I think those conclusions are erroneous.

The respondent commenced three separate proceedings before the Industrial Accident Board, all in connection with his claim for compensation growing out of the same accidents. In order to gain a clear understanding of the issues involved herein, all of the facts, appearing in this record, in connection with all three of these proceedings, must be considered; and as well, the relation which the facts of each bears to those of the others. I shall consider each of these three proceedings separately, and endeavor to point out the relation each bears to the other.

First. Respondent's original claim for compensation was filed on November 18, 1931. Appellant answered. A hearing was had. The board found for respondent and directed that he receive $19 per week for fifty-six weeks. Respondent appealed to the district court and that appeal resulted in a modification of the board's order, increasing the award to $20 per week, and otherwise affirming the board's order. The attempted appeal from that judgment was dismissed by this court. The award thus made to respondent was paid in full.

Second. On July 12, 1934, respondent filed a second petition with the Industrial Accident Board, seeking compensation in addition to that awarded under the first petition. This additional compensation was claimed for injuries alleged to have grown out of the same accidents set forth in the first petition filed. The appellant again answered, hearing was had at which testimony was adduced, and the petition dismissed by the board. Motion for rehearing was denied. Appeal to the district court was taken, where hearing was had. Testimony in addition to that offered before the board was received. The district court made findings of fact, conclusions of law, and on September 13, 1935, rendered judgment affirming the order made by the board and dismissing the proceeding. *No appeal was taken from that judgment.* The proceedings had in connection with the second

petition filed with the board bear a close relationship to and effect the proceedings had in connection with the third petition filed and, therefore, before analyzing further the proceedings had under the second petition, I shall proceed to a statement of facts in connection with the third petition.

Third. On November 19, 1936, respondent filed with the Industrial Accident Board a third petition claiming additional compensation for the injuries growing out of the accidents described in the first petition as above set forth. The appellant again answered. Reply was filed. This petition was never set down for hearing and no hearing thereon was had at any time or at all by the board. No testimony was heard by the board in connection therewith. It is well to here note that while this petition was denominated a "Petition for Hearing for Determination of Disability and Order Directing Payment of Additional Compensation in Accordance with Judgment and Order of District Court of Date of March 28, 1933", paragraph three thereof reads as follows: "That there has since been paid upon the said Judgment and Order only the sum of Eleven Hundred Twenty Dollars ($1120.00), being 56 weekly payments of $20.00 per week, thereby bringing the payments of weekly compensation down to and including the 4th day of December, 1932, and that your petitioner has received no other or further payment or payments of compensation, *notwithstanding he was at the date last mentioned, ever since has been, and still is, totally and permanently disabled, which fact was and is well known to the above named defendant, Republic Coal Company.*"

The board made its order dismissing the petition upon the ground that it had no jurisdiction therein. Application for rehearing was duly made and denied. Thereupon an appeal to the district court was taken from the order of the board denying plaintiff's third application for compensation and from the order denying a rehearing. The cause was set down for trial and came on for hearing before the district court. At that trial respondent was represented by his counsel, F. W. Mettler, Esq., and the appellant was represented by its counsel, W. W. Mercer, Esq., and Murphy & Whitlock. At the commencement of the

trial, counsel for the respondent asked leave to introduce additional testimony, using the following language: ''The plaintiff now asks leave of Court to introduce testimony additional to that which was introduced before the Industrial Accident Board, upon the ground and for the reason that it is necessary for the plaintiff to bring the facts of the case down to the present time, and especially the facts with regard to his present condition of disability, and the facts in connection with what has occurred since the hearing before the Board.''

Thereupon counsel for the appellant objected, a part of which objection is as follows:

''1. That there was no hearing whatsoever had and held before the Industrial Accident Board upon the most recent petition filed by the plaintiff herein, and no testimony whatever was taken by and before the Industrial Accident Board; and it is only where testimony is taken before the Industrial Accident Board when the District Court on appeal, has any jurisdiction whatever to permit additional testimony to be taken.''

''4. That only one question can possibly be involved in this appeal, and that is the question of the jurisdiction of the Industrial Accident Board upon the most recent petition filed by this plaintiff, to deny the prayer of said plaintiff and to dismiss said petition.

''5. That if it be determined by this Court upon this appeal that the Industrial Accident Board did have jurisdiction upon said petition, answer and reply, then this Court is without jurisdiction to do anything, but make an order sending the same back to the Industrial Accident Board for a determination of facts.''

Thereupon the court ruled as follows: ''I think it would be better to rule upon it at this time, so I will overrule the objection and you may have an exception Mr. Mercer.''

*Thus it will be seen that all of the testimony introduced at the hearing of this case before the district court went in over the objection of appellant.*

Thereupon respondent was sworn and testified as to his physical condition. By respondent's testimony it appears that a few days before the district court hearing, respondent consulted

a Dr. Porter of Great Falls. At that time Dr. Porter made an examination of respondent and gave to respondent a letter, stating therein in detail the results of that examination. It appears that at the same time someone at Great Falls took X-ray pictures of certain of the respondent's joints, and a container in which these X-rays were enclosed was given to the respondent. The letter of Dr. Porter describes at great length his physical condition. What the X-rays showed does not appear. This letter, together with the X-rays, were offered in evidence through the respondent. Counsel for appellant duly objected to the receipt, both of the letter and of the films. The objection was overruled and this evidence received. Counsel for respondent was sworn and testified, but that testimony had to do with Dr. Porter's letter and the X-ray films. Mr. Mettler's testimony did not touch upon the merits of the case in relation to the injuries complained of by respondent. That is all of the testimony that was introduced by plaintiff.

As above noted, the appellant answered. The answer contained appropriate allegations, setting forth the making and entry of all of the orders hereinabove mentioned and of all of the judgments hereinabove referred to of the courts, in connection with the several hearings had upon the claims made by respondent. In relation to the judgment of the district court of September 13, 1935 (that being the judgment resulting from the appeal taken from the board's order as to respondent's second petition), appellants' answer alleges: "That said plaintiff, Luke Paulich, failed, neglected and omitted to appeal from said judgment within six months from the entry thereof or at any other time, or at all, and failed, neglected and omitted to do anything or take any steps whatsoever to have said judgment reviewed in manner and form as provided by law, or at all, and by reason thereof said judgment became and is final and decisive and all matters in connection with said appeal, trial and hearing in said District Court, including the disability of said plaintiff, Luke Paulich, have been and now are finally adjudicated and *res adjudicata*."

All of these orders and judgments were offered and received in evidence. In short, defendant's evidence amply proves the truth of its allegations in this regard. Counsel for the respective parties submitted proposed findings of fact and conclusions of law suitable to their contentions. The court made findings, conclusions, and rendered judgment for the respondent in the sum of $6,221.36. The court found that the plaintiff was entitled to compensation for 444 weeks, as follows: From the 3d of December, 1932, to March 5, 1935, $19 per week, and from the last-mentioned date to September 24, 1938, $18 per week, and thereafter at the rate of $17 per week for the remainder of 444 weeks; and, further, that the appellant be required to pay in a lump sum all of such compensation which had accrued prior to the entry of judgment, together with interest thereon at six per cent. from June 28, 1938. Appellant duly excepted to the findings so made, and this appeal is from such judgment.

Appellant's contentions may be summarized as follows:

A. That the district court erred in overruling appellant's objections to the introduction of additional testimony and was without jurisdiction to hear testimony.

B. That the only order which the district court could have lawfully made was either (1) an order dismissing the appeal, or (2) an order remanding the cause to the board with suitable directions.

C. That by reason of the judgment of the district court rendered September 13, 1935, this matter has been finally adjudicated and is *res adjudicata*.

D. That the court erred in admitting the letter of Dr. Porter and the X-ray films.

I shall consider these in that order.

A. The majority opinion holds that the proceedings had in connection with respondent's first petition do not constitute a bar to a further recovery, and that respondent is not entitled to any further compensation for the fifty-six weeks covered by the award first made. With these conclusions I agree.

Appellant says that the district court was without power, authority, or jurisdiction to hear testimony or to render any money

judgment. The majority opinion holds that the district court did have jurisdiction to hear additional testimony and to render a money judgment. I am of the opinion that appellant is right and, therefore, that the conclusions of the majority are erroneous. These facts must be kept in mind in connection with our consideration of this case: *That no hearing was held before the board; that no testimony was offered before the board, and appellant objected to the introduction of any additional testimony before the district court.*

By "jurisdiction" is meant "the authority to hear and determine a cause." (15 C. J. 723.) It must be conceded that whatever power, authority, or jurisdiction the district court had or has in relation to hearing and determining matters growing out of the Workmen's Compensation Act, *are conferred upon the district court by the provisions of that Act.* The terms of that Act measure the power of the district court in this case; therefore, in order to determine whether the district court had the power to do the thing which it did do, we must look to the provisions of the Act itself.

Section 2947, Revised Codes of 1935 (that being a part of the Workmen's Compensation Act), provides: "All proceedings to determine disputes or controversies arising under this act shall be instituted before the board, *and not elsewhere, and heard and determined by them,* except as otherwise in this act provided, and the board is hereby vested with full power, authority, and jurisdiction to try and finally determine all such matters, subject only to review in the manner and within the time in this act provided." (Emphasis mine.)

"All proceedings ＊ ＊ ＊ shall be instituted before the board," seems to be all-inclusive, but the legislature, to make assurance doubly sure, added the words *"and not elsewhere";* further, not only shall these proceedings all be begun before the board, but all proceedings shall be *heard* and *determined* by the board. Then there is added an exception, namely, "except as otherwise in this act provided."

Now let us search the Act for the purpose of finding what exception is made to the provisions contained in section 2947.

The Act contains two exceptions and only two, as follows: First, provision is made for an appeal to the supreme court. (Sec. 2962.) With that exception we are not here concerned. The only other exception is found in section 2960, which provides for the taking of an appeal from the order of the board to the district court. After providing for notice of appeal, that section continues: "Immediately upon service upon said board of said notice, the said board shall certify to said district court the entire record and proceedings, including all testimony and evidence taken by said board, with the clerk of said district court. Immediately upon the return of such certified record, the district court shall fix a day for the hearing of said cause, and shall cause notice to be served upon the board and upon the appellant, and also upon the adversary party, if there be any. The court may, upon the hearing, for good cause shown, permit *additional* evidence to be introduced, but, in the absence of such permission from the court, the cause shall be heard on the record of the board, as certified to the court by it. The trial of the matter shall be *de novo*, and upon such trial the court shall determine whether or not the board regularly pursued its authority, and whether or not the findings of the board ought to be sustained, and whether or not such findings are reasonable under all the circumstances of the case." (Emphasis mine.)

It seems to me that the intention of the legislature as to what part the district court should have in these proceedings is expressed in the above statute as clearly as it is possible to say it in the English language. All proceedings must be commenced before the board. All proceedings must be heard and determined by the board. Thus the board is made the trier of the facts. If it was the intention of the legislature that the district court could hear and determine the matter where no testimony was introduced before the board, as here, and where timely objection was made to the introduction of additional testimony in the district court by the adversary party, as here; then, let me ask, what was the purpose of the legislature in using the word *additional,* found in section 2960? It seems to me that if the English language means anything, the use of the

word additional presupposes that testimony had been adduced at the hearing before the board.

But if there were one vestige of doubt remaining in my mind about the intention of the legislature, that is wiped out by a consideration of the closing provisions of section 2947; for, after providing that proceedings must be commenced before the board, heard and determined by the board—then the board is "vested with full power, authority, and jurisdiction" to do what? The statute makes answer: "To try and finally determine all such matters." Not a part of such matters—*all* of them. After clothing the board "with *full power, authority, and jurisdiction to try and finally determine all such matters*" (emphasis mine), a condition is added. The statute does not say: "Subject to review"; but it does say: "Subject *only* to review." (Emphasis mine.) How shall those proceedings be reviewed? The statute makes answer: "In the manner * * * in this act provided." Where do we find in the Act any provision for this review? The answer is, section 2960. And thus the review provided for by section 2960 is subject to all of the conditions contained in the statute.

In construing these sections of the statute I have in mind the provisions of our section 10519, Revised Codes of 1935, which is as follows: "In the construction of a statute * * * the office of the judge is simply to ascertain and declare what is in terms or substance contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all."

It seems to me that the provisions of this section of our Code apply here with peculiar force.

My interpretation of these sections of our code, as well as my conclusion that the district court was without any authority whatsoever to here do the thing that it has done, is in accordance with and confirmed by the former decisions of this court. In the case of *Willis* v. *Pilot Butte Min. Co.*, 58 Mont. 26, 190 Pac. 124, 125, this court had under consideration the jurisdiction of the district court to act in a matter similar to this, and there

said: "As district courts are courts of original jurisdiction, it was within the constitutional power of the legislature to provide that the trial in the district court shall be *de novo,* as indicated; *but the power given the district court is that of review,* rather than a trial anew." (Emphasis mine.)

Again in the case of *Rom* v. *Republic Coal Co.,* 94 Mont. 250, 22 Pac. (2d) 161, 163, testimony was introduced before the board, appeal taken to the district court where leave was sought and granted to introduce additional testimony, to which the defendant objected. The objection was overruled and additional testimony was received, so that this court's attention was there called to this very question now under consideration, and this court there said: "The Workmen's Compensation Act makes the board the trier of facts and *permits a review only by the court,* except in cases where, for good cause shown, evidence is permitted in addition to the record before the board." (Emphasis mine.)

In the case of *Sykes* v. *Republic Coal Co.,* 94 Mont. 239, 22 Pac. (2d) 157, 158, this court had under consideration the identical question now being discussed. There hearing was had before the board, testimony introduced, appeal taken, and additional testimony permitted at the hearing in the district court, over the defendant's objection. There this court says:

"It is first contended that the court exceeded its authority in permitting additional testimony to be introduced * * * .

"Section 2960, Revised Codes of 1921 [which is the same as our 2960 of the 1935 Code], provides that on such a hearing as this, 'the court may * * * for good cause shown, permit additional evidence to be introduced, but, in the absence of such permission * * * the cause shall be heard on the record of the board.'

"While the statute contemplates merely a review of the record before the board, unless there is some special reason or 'good cause' for the reception of additional evidence, *and in no case permits a full 'trial de novo'.*" (Emphasis mine.)

The majority opinion, in speaking of the right of the district court to permit the introduction of additional testimony in this

case, says: "On at least two different occasions this court affirmed the lower court where it proceeded exactly as here."

The majority opinion cites two cases, as follows: *Nicholson* v. *Roundup Coal Co.,* 79 Mont. 358, 257 Pac. 270, and *Novak* v. *Industrial Accident Board,* 73 Mont. 196, 235 Pac. 754, in support of that statement. The majority have apparently overlooked the rule, which is of universal application, to the effect that each decision of a court must be read in the light of the precise question then under consideration. (*State ex rel. Malott* v. *Board of Commissioners,* 89 Mont. 37, 296 Pac. 1; *State ex rel. Walker* v. *Jones,* 80 Mont. 574, 261 Pac. 356, 60 A. L. R. 551; *Cohens* v. *Virginia,* 6 Wheat. 264, 5 L. Ed. 257.)

In the case of *Sun River Stock & Land Co.* v. *Montana Trust & Sav. Bank,* 81 Mont. 222, 262 Pac. 1039, 1047, this court said: "In considering the meaning and intent of the language of an opinion one must have constantly in mind the facts of the case in which the opinion is written. For, as Chief Justice Marshall observed, it is impossible so to use language as that general expressions apply in every instance with the same meaning to every condition of facts."

An examination of the decision in the *Nicholson Case* discloses that Nicholson died while in the employ of the Roundup Coal Company. A coroner's inquest was held for the purpose of inquiring into the cause of Nicholson's death, and a transcript of the testimony thus taken was filed with the board. Nicholson's widow made claim for compensation. The board denied the claim. Appeal to the district court was had and additional testimony introduced at the hearing before that court. The *Nicholson Case* is not in point. at all. What is said in that case has no bearing whatsoever upon the point now under consideration. There is to be found, in the language used by this court in the *Nicholson Case,* neither comfort nor consolation for the holding of the majority, because: (a) The board had before it the testimony taken at the coroner's inquest, and (b) *no objection* was made to the introduction of additional testimony before the district court and, therefore, that question was not considered in that case at all.

In the *Novak Case* the question now being discussed was not before this court at all, and was not considered by this court in any wise or at all, as appears from the following excerpt from the opinion in the *Novak Case*: "Inasmuch as the board contends that its award was the maximum allowance under the law for a partial permanent disability, and, therefore, admits that a judgment for such maximum is proper, and the district court on review of the order of the board held that Novak is entitled to the maximum award for such disability, and as the full measure of the relief which may be granted by this court is the reversal, affirmance or modification of that judgment * * * , *the only question properly before us is: Does the judgment herein exceed the maximum allowed by law for such disability?*" (Emphasis mine.)

The majority opinion recites the fact that: "The appellant introduced in evidence the various orders and judgments on which it based its technical defense."

Mention is made of the judgment rendered by the district court, which grew out of the first claim filed; and of the second judgment rendered by the district court, and says: "The second judgment offered by appellant, and the accompanying order of the board, recite that respondent was at that time suffering the same permanent partial disability, and that his condition was the same as it was on the date of the first judgment. *Appellant, then, by its own evidence, admits that for two years or more, covered by this last petition now before the court, respondent's condition was what he alleged it to be,* namely: That his disability continued as it was at the time of the original judgment." (Emphasis mine.)

Strange reasoning! The majority opinion continues: "As to the period subsequent to the second judgment, respondent testified as to his condition and earning power, and was cross-examined by appellant; but appellant offered no testimony in rebuttal." After some further recitation of facts, the opinion says: "We are then presented with the situation where there is no substantial dispute as to the facts."

The reasoning of the majority seems to be that since the defendant offered no testimony upon the merits, there was none to offer—a strange doctrine indeed, one hitherto unknown to our jurisprudence. In passing, the inquiry is pertinent whether, upon the statement of facts last above quoted, adjudication of a part of the claim now under consideration is not conclusively shown; but that matter is discussed in my sub-division "C."

The majority say: "In other words, that the lower court should dispose of the matter completely on the appeal if it is at all possible."

This pronouncement is based upon the case of *Dosen* v. *East Butte Min. Co.,* 78 Mont. 579, 254 Pac. 880, 885; but what the majority here say is far from the rule announced in the *Dosen Case;* for what this court *did* say in the *Dosen Case* anent this matter was: "The intention of the law is that the court shall do full and complete justice to all concerned, so far as it may be possible to do so *within the limitations of the statute."* (Emphasis mine.)

The distinction between the pronouncement of the majority, as above set forth, and the rule laid down by this court in the *Dosen Case,* constitutes the difference between this government of ours and that of some other countries, namely, that ours is a government of laws—theirs a government of men. True, the Workmen's Compensation Act must be liberally construed (sec. 2964), and also true, section 2961 of that Act provides as follows: "If the court shall find from such trial, as aforesaid, that the findings and conclusions of the board are not in accordance with either the facts or the law, or that they ought to be other or different than those made by the board, or that any finding and conclusion, or any order, rule, or requirement of the board is unreasonable, the court shall set aside such finding, conclusion, order, judgment, decree, rule, or requirement of said board, or shall modify or change the same as law and justice shall require, and the court shall also make and enter any finding, conclusion, order or judgment that shall be required, *or shall be legal* and proper in the premises." (Emphasis mine.)

But the two sections last cited are merely parts of the Workmen's Compensation Act. Neither one of them constitutes the whole Act. All of the parts of that Act must be read and considered together in construing it. Its division into sections is merely for purposes of convenience and reference. It must ever be kept in mind that each and every part of this Act, taken together, forms a whole; that no sentence, or clause, or section shall be considered alone, but only in connection with all of the other provisions of the Act. (*City of Butte* v. *Industrial Accident Board*, 52 Mont. 75, 156 Pac. 130; *State* v. *Board of Commissioners*, 56 Mont. 355, 185 Pac. 147; *State ex rel. Nagel* v. *Sullivan*, 98 Mont. 425, 40 Pac. (2d) 995, 99 A. L. R. 321; *In re Wilson's Estate*, 102 Mont. 178, 56 Pac. (2d) 733, 105 A. L. R. 367.)

The board failed and refused to perform a duty imposed upon it by the statute. Thereupon the district court assumed the performance of that duty imposed upon the board. Since the statute does not authorize the court to perform the functions of the board, the court was without any jurisdiction whatsoever to render any judgment or to make any order therein, except as hereinafter noted.

B. What should the district court have done? Certainly it was the duty of the board, upon the filing of the petition, to set that down for hearing and to afford a hearing to all concerned in order to learn the facts. Had this been done, much expense, delay, and litigation would have been avoided. The board having failed to perform its duty, the appropriate remedy was mandamus. (*Shugg* v. *Anaconda Copper Min. Co.*, 100 Mont. 159, 46 Pac. (2d) 435; *State ex rel. Loney* v. *Industrial Accident Board*, 87 Mont. 191, 286 Pac. 408.) But under the provisions of this special Act, I am of the opinion that it was the court's duty to reverse the order of the board and to send the cause back to the board with directions to set the cause down for hearing, and, having heard the matter, to then make such order as the facts and the law warranted—this because of the provisions of section 2961.

The majority say, in effect, that by virtue of the provisions of section 2961, the district court was authorized to finally dispose of the matter; but the majority apparently overlook one vital provision of this section, to-wit: ''and the court shall also make and enter any finding, conclusion, order or judgment that shall be required, or *shall be legal and proper in the premises.*'' (Emphasis mine.)

As herein-above noted, the Act must be construed as a whole.

C. Consideration of the questions now involved require that we go back to my subdivision two and inquire further into the proceedings had in relation to the second petition filed by the respondent with the board; of the evidence received at that hearing; the order made by the board; the appeal to the district court, the hearing there had; the evidence there-at adduced; and the judgment there rendered. The majority opinion, in speaking of this petition filed by respondent, says: ''On July 12, 1934, respondent filed a petition with the board, under the provisions of section 2956, Revised Codes, which provides,'' etc.

After a diligent search of the record before me in this case, I am unable to find any justification for that statement. True, a petition was filed, but the fact is that it was filed under the Workmen's Compensation Act and not under any particular section of that Act. Little, if any, difference does it make if the petition were filed under the section quoted, for section 2956 confers upon the board no power which is not granted under the first clause of section 2952. The last-named section provides, in part: ''The board shall have continuing jurisdiction over all its orders, decisions and awards, and may at any time, upon notice, and after opportunity to be heard is given to the parties in interest, rescind, alter, or amend any such order, decision or award made by it upon good cause appearing therefor.''

Section 2956 provides: ''Nothing contained in the preceding section shall, however, be construed to limit the right of the board, at any time after the date of its award, and from time to time after due notice and upon the application of any party interested, to review, diminish, or increase, within the limits provided by this act, any compensation awarded upon the

grounds that the disability of the person in whose favor such award was made has either increased or diminished or terminated.''

It would seem that the last-named section was enacted out of an abundance of caution, for section 2952 gives the board the power to reverse, diminish, or increase within the limits provided by this Act, any compensation awarded, upon the grounds that the disability of the person in whose favor such award was made has either increased, or diminished, or terminated.

This second petition does not appear in the record. We must judge of its contents from the order made by the board disposing of it, and from the judgment of the district court upon the appeal from the order of the board. Both of these are contained in the record. The order of the board dated March 4, 1935, after reciting that the respondent was injured in August, 1931, and again in November, 1931, while employed by the appellant company, the filing of the first petition, and the disposition made of the claim under the first petition, continues: ''On July 12, 1934, Luke Paulich petitioned the Industrial Accident Board to make a further and additional award upon the ground that the conditions caused by the injury *has very materially increased since the hearing before the Board and the hearing before the Courts*', and contended that the claimant was totally and permanently disabled.'' (Emphasis mine.)

The order recites the setting of the matter for hearing, the fact that both the appellant and respondent were represented at that hearing by their respective counsel, and then says: ''The principal witnesses called were Dr. L. W. Allard for the claimant and Dr. J. H. Garberson for the defendant. Dr. Allard for the claimant testified that Paulich's condition when he examined him just prior to the December 1934 hearing was not any different than his condition was when he was examined by Dr. Allard in 1932, but the witness was of the opinion that his (the witness) rating of thirty per cent made in 1932 was too low. * * * Dr. J. H. Garberson for the defendant found, he testified, the same condition in an examination in September 1934 as he found in his examination prior to the hearing before the Board in the first instance at Roundup.''

The board then draws its conclusions from the facts found in the following language: "In view of the foregoing, the Board does not believe that Luke Paulich in December of 1934 was suffering any greater disability then he was in 1932 when his claim was originally decided by the Industrial Accident Board. The evidence of his own expert physician is positive that his condition is the same and the only exception the doctor makes is that he (the doctor) rated the claimant at too low a percentage at the time of the original examination."

The board then denies the application for "additional and further compensation."

Now it will be noted that at the time this hearing was held—at the time the order was made by the board—the respondent was receiving no compensation. In other words, the period covered by the compensation allowed under the first petition and order had expired. Clearly the board found that the respondent's condition was the same as it was when the examination under the first petition filed was made. It is not clear then that under the facts found by the board and by virtue of the continuing jurisdiction conferred upon the board under the provisions of sections 2952 and 2956, supra, it was the duty of the board, under the facts found, to award compensation to the respondent? Under the facts and the law the board had no alternative.

As above noted, motion for rehearing was made by respondent and by the board denied. Appeal to the district court followed. Findings of fact and conclusions of law were made September 12, 1935, and the judgment rendered September 13, 1935. In its findings of fact number two, the district court says: "The certified record of the proceedings before the Industrial Accident Board, together with the additional testimony permitted in evidence by the district court fails to show that said claimant, Luke Paulich, is *suffering any greater degree of disability resulting from the industrial accidents of August 20 and November 7, 1931, than he suffered at the time of the first hearing before the Industrial Accident Board."* (Emphasis mine.)

The court drew its conclusions of law accordingly and judgment was entered, in substance, that the respondent take nothing by that action, and the appeal was dismissed. It will be noted that the finding of the district court is along the same line as that of the board, and clearly implies that the respondent's condition was the same as it was when the hearing before the board was first held. Was it not, then, clearly the duty of the court to have set aside the findings of the board and have rendered judgment awarding to the respondent compensation? But the majority, referring to the order of the board made under the second petition, and to the judgment of the district court of September 13, 1935, says: "It is to be noted that this later petition [meaning the petition which we have designated as number two and which we are now discussing] was acted on prior to the decision in *Lunardello* v. *Republic Coal Co.*, 101 Mont. 94, 53 Pac. (2d) 87, which was determined in this court on December 19, 1935, and the decision in *Meznarich* v. *Republic Coal Co.*, 101 Mont. 78, 53 Pac. (2d) 82, decided on December 12, 1935. No appeal was perfected from the judgment of the district court."

That statement contained in the majority opinion is correct, in so far as it relates to dates, but the decisions in those two cases *did not change the statute. This court may not do that.* That function is delegated solely to the legislative department of the state and that department of government had not made any change in the statute between the time the second petition was filed and the decision in the two last-named cases was rendered by this court. In other words, the statute at the time the board made its order and at the time the district court rendered its decision in September, 1935, was precisely the same as it was when this court rendered its decision in the two last-named cases. In the *Meznarich Case* this court had before it this very question. In that case Meznarich was granted compensation for twenty-six weeks or "until the further order of the board." Later he again petitioned for additional compensation, which was granted for 124 weeks, and the board there declared that that was to be "in full and final settlement." Thereafter Meznarich petitioned

the board for additional compensation. The board dismissed the petition, denied a motion for rehearing, and upon appeal the district court sustained the action of the board upon the ground that both the board and the district court were without jurisdiction to act by reason of the board's former order and because of the provisions of the statute. This court reversed the district court because the order of the board in attempting to make its order final was in contravention of the statutes vesting continuing power in the board. Then the question arose as to what is meant by the term used in the statute, "the disability of the workman has increased or diminished," and this court says:

"Construing a statute which permits a modification of the 'award' when it is shown that 'the disability of the workman has increased or diminished' in a case similar to the case at bar, the supreme court of Kansas has, we think, correctly stated the purpose of granting the board continuing jurisdiction, as follows: 'What effect an injury will have on the capacity to work is necessarily a matter of prediction in most cases. The arbitrator's prediction may not accord with the facts disclosed by lapse of time. Capacity may increase or decrease beyond what the award contemplated, and compensation should be adjusted accordingly. Therefore, review and modification of the award are provided for at the instance of either the employer or employee. A modified award is still likely to rest in prediction and, if the prediction should prove to be wide of the truth, further adjustment to accord with the facts ought to be made.

" 'In this instance, what was believed to be temporary disability * * * has been found to be permanent. While in one sense the disability has remained constant, it has increased in the sense that it will continue to the end of the period for which the statute allows compensation, three years longer than * * * last predicted. This being true, the court concludes that plaintiff's disability has increased, within the meaning of the statute.' (*Corvi* v. *J. R. Crowe Coal & Min. Co.*, 119 Kan. 244, 237 Pac. 1056, 1058.)

"In our opinion, this is the correct interpretation to be given to the phrase 'upon the grounds that the disability of the person

in whose favor such award was made has * * * increased' (sec. 2956), even though that phrase may be held to be a limitation of the power of the board to modify its award 'upon good cause' (sec. 2952), under the rule of liberal construction of the Act imposed upon the court by section 2964, Revised Codes 1921, and is not in conflict with the declaration of this court in *State ex rel. Mulholland* v. *District Court*, above, as the court was there dealing only with the situation presented in that case, and did not there declare that relief under sections 2952 and 2956 is confined to the 'change in circumstances' which 'the law itself anticipates.' ''

That is precisely what the board and the district court found in this case. The board, therefore, should, upon the hearing of the second petition, have granted additional compensation, and refusing to do that, the district court should, on the appeal, have reversed the board and granted compensation. The board then had jurisdiction to make that order and the evidence warranted the making of such order. In fact, no other order was warranted under the evidence. The same is true of the district court.

Let me put that this way: If an appeal had been taken to this court from the judgment of the district court of September 13, 1935, is there any question but that the result of that appeal would have been the same as it was in the *Meznarich Case*? There can be no question about that. Whether, under the evidence, either the board or the court would have been justified in making an order for compensation for any given period after the 13th of September, 1935, I am unable to say, but up to that time, both the board and the district court had the power and it was the duty of each to do just that. Therefore, in so far as the judgment in this case covers the period up to September 13, 1935, is concerned, that judgment is a nullity; this because the judgment of the district court of September 13, 1935, adjudicated respondent's rights up to that time. I am of the opinion that the record here does not justify the conclusion that respondent's rights have been adjudicated beyond that date. In the *Meznarich Case,* supra, this court said:

"All orders, rules and regulations findings, decisions, and awards of the board 'shall be conclusively presumed to be reasonable and lawful, until and unless they are modified or set aside by the board or upon review.' (Sec. 2948, Id.) The 'review' mentioned in the two sections cited, is by appeal to the district court (sec. 2959, Id., as amended by Laws 1929, chap. 177, sec. 10), and then to the supreme court. (Sec. 2962, Id.) Therefore when the board renders its decision denying a claim for compensation and thus ending the matter in dispute, the order or decision becomes final, conclusive, and *res adjudicata* on failure of the aggrieved party to take an appeal within time, and this is so whether the decision is on a question of law (*State ex rel. Roundup Coal Min. Co.* v. *Industrial Accident Board,* 94 Mont. 386, 23 Pac. (2d) 253), or on the merits. (*Shugg* v. *Anaconda Copper Min. Co.,* 100 Mont. [159], 46 Pac. (2d) 435.)

"After an order of the board has become 'final,' the case cannot be reopened for a reconsideration and redetermination of the questions determined and disposed of."

In the case of *Koski* v. *Murray Hospital,* 102 Mont. 109, 56 Pac. (2d) 179, 181, this court held: "It must be remembered that the board did not render its decision or make its order until after the period fixed therein for the payment of compensation had expired. Her compensation had ceased. She had a right to show that she was still suffering disability, and it was obvious that the board had erred in estimating the time required for recovery, and, consequently, in limiting the compensation. Nevertheless the order of the board so limiting the compensation would have been final and binding upon her unless she had appealed. This proposition was established by the case of *Shugg* v. *Anaconda Copper Min. Co.,* 100 Mont. 159, 46 Pac. (2d) 435. (See, also, *Meznarich* v. *Republic Coal Co.,* 101 Mont. [78], 53 Pac. (2d) 82.) The court very properly refused to dismiss the appeal."

D. Appellants complaint that the trial court erred in admitting the letter of Dr. Porter and the X-ray films. An extended discussion of this phase of the matter is merely a waste

of time, for, obviously, the admission of each does violence to every rule of evidence known to the legal profession. The information contained in the letter was not imparted under oath. Neither appellant, nor its counsel, had any notice of any kind or nature that a physical examination of respondent would be made by Dr. Porter, or by anyone else, or that any X-ray films would be taken. In other words, appellant did not participate in anywise or at all in the procurement of this evidence. By reason of the method pursued, appellant was denied the right of cross-examination. For these and many other reasons, both the letter and the films are incompetent. Further, no foundation of any kind or nature was laid or attempted to be laid for the introduction of the films. All of the information imparted by the letter and the films related to respondent's physical condition. This goes to the very heart of the matter in controversy. The information imparted by Dr. Porter was the only expert testimony offered. In fact, that was the only testimony introduced aside from that given by respondent himself. In passing, it may be well to observe, too, that in this instance the violation of all of the rules of evidence redound to the benefit of a working man; but if this sort of thing is to be done in all litigation had under the Workmen's Compensation Act, and most of the benefits derived by employees from that Act will soon have disappeared; for it must be borne in mind that this is a two-edged sword, and in the hands of the employer may become even more destructive than when used by the employee. I am assuming, of course, that the same rule will apply in each case.

My conclusion, therefore, is that the judgment herein should be reversed, the cause remanded to the district court with directions to send it back to the board with instructions to grant a hearing; and then to make such order as is warranted by the evidence adduced at that hearing consistent with the law, but to exclude from any award made, all compensation prior to September 13, 1935.

MR. JUSTICE MORRIS: I join in the above opinion by Judge LEIPER.

Rehearing denied May 9, 1940.